Ricjeiaedson, J.,
delivered the opinion of the court:
This case comes to issue upon demurrer by the defendants to the petition of the claimant.
The alleged facts are these: Peter Lyle-had been colonel of the Ninetieth Regiment of Pennsylvania Yolunteer Infantry during the war of the rebellion, and was in receipt of a pension which commenced from the date of his filing the last evidence necessary to establish his claimbefore the Commissioner of Pensions,,in accordance with the provisions of the statutes previous to January 25, 1879.
On that day Congress passed an act, the first section of which is as follows:
“ [Section 1.] That all pensions which have been granted under the general laws regulating pensions, or may hereafter be *107 granted, in consequence of death from a cause which originated in the United States service during the continuance of the late war of the rebellion, or in consequence of wounds, injuries, or disease received or contracted in said service during said war of the rebellion, shall commence from the date of the death or discharge from said service of the person on whose account the claim has been or shall hereafter be granted, or from the termination of the right of the party having prior title to such pension:
“ Provided, The rate of pension for the intervening time for which arrears of pension are hereby granted shall be the same per month for which the pension was originally granted.” (Act of January 25, 1879, ch. 23, Supplmt. B. S., 395.)
This act was amended by the act of March 3, 1879, ch. 187, § 2, 1 Supplement to Eev. Stat., p. 468; but the amendment is not material in this case.
The claimant’s intestate thereafter applied for the benefit of the provisions of that act.
On the 16th of July, 1879, lifts application was allowed by the Secretary of the Interior, and a certificate thereof was issued in the following form:
[Acts of January 25 and March 3, 1679.]
“No. 157237. Invalid.
“The United States oe America,
“ Department of the Interior, Pension Bureau.
“arrears oe pensions.
“It is hereby certified that in conformity with the acts of Congress approved January 25 and March 3, 1879, Peter Lyle, a pensioner, on the rolls of the Philadelphia agency, as an invalid, and whose certificate is numbered 157237, is entitled to arrears of pensions, at the rate of fifteen dollars per month, commencing Nov. 27, 1864, and twenty-two dollars per month from Nov. 27, 1869, and thirty dollars per month from Nov. 27, 1874, and ending December 30,1878. Any payment made covering any portion of the time herein mentioned to be deducted unless otherwise directed.
“ Given at the Department of the Interior, this sixteenth day of July, one thousand eight hundred and seventy-nine.
“A. Bell,
“ Acting Sec. of Interior.
“Endorsed and countersigned.
“O. P. G. Clarke,

" Acting Gom. of Pensioi s.

“ $3,724.00.”
*108 Said Lyle died July 17, 1879, the day next following this allowance, unmarried and without issue, and the claimant, Donnelly was subsequently duly appointed administrator of his estate. Demand was made by the administrator for the payment to him of the amount of the allowance, but, after consideration, was refused by the Commissioner, and on appeal the decision of the Commissioner was approved by the Secretary of the Interior.
The only question of law involved in the case is whether or not this allowance ipso facto creates a debt against the United States for the recovery of which an action survives to the administrator of the deceased.
The allowance is a pension, of which the certificate of the Secretary of the Interior is sufficient evidence in the absence of fraud or mistake.
^ A pension is a periodical allowance of money to a person, in the nature partly of a gratuity and partly of payment for past benefits conferred; payment because it is supposed to be in consideration of previous services rendeled to the government or the public, for which the compensation before made, if any, was inadequate in proportion to the benefits received and the ability of the nation in its prosperity to pay; a gratuity because it is not ordinarily founded on contract, and in such case cannot be demanded as a legal' right until the government has acknowledged its moral obligation and made the grant. As it is purely voluntary, its payment must be made and accepted in exact conformity with the terms of the grant, and must be subject to all the limitations, conditions, and exceptions therein contained.
It becomes necessary, therefore, to examine the pension laws, in order to. ascertain the terms on which this pension was granted.
The Act of July 27,1868, ch. 264, § 9 (17 Stat. L., 236), amending an earlier act, provided that if any person entitled to a pension died after March, 4, 1861, while an application for such pension was pending, leaving no widow and no child under sixteen years of age, his or her heirs or legal representatives should be entitled to receive the accrued pension to which the applicant would have been entitled had the certificate issued before his death. Had this provision remained in force it might well be argued that when a pensioner died after the issue of *109 bis certificate and before drawing the money, leaving no widow and no child under sixteen jears of age, the right to recover the amount survived to his legal representatives, in like manner as when he died before the issue of the certificate.
But that act is no longer in force. On the 3d of March, 1873, ■Congress passed “An act to revise, consolidate, and amend the laws relating to pensions,” the twenty-fifth section of which made altogether different provisions on the subject and established a new policy as to the disposition of money due pensioners at the time of their deaths. As incorporated into the Revised Statutes those provisions are as follows:
“Sec. 4718. If any pensioner has died or-shall hereafter die; or if any person entitled to a pension, having an application therefor pending, has died or shall hereafter die, his widow, or if there is no widow, the child or children of such person under the age of sixteen years, shall be entitled to receive the accrued pension to the date of the death of such person. Such accrued pension shall not be considered as a part of the assets of the estate of deceased, nor liable to be applied to the payment of the debts of said estate in any case whatever, but shall inure to the sole and exclusive benefit of the widow or children; and if no widow or child survive, no payment whatsoever of the accrued pension shall be made, or allowed, except so much as may be necessary to reimburse the person who bore the expenses of the last sickness and burial of the deceased, in cases where he did not leave sufficient assets to meet such expenses.”
If this section applies to pensions under the act of 1879, then this claimant has no cause of action, because it is therein expressly declared that accrued pensions shall not be considered as part of the assets of the estate of the deceased.
It is contended on behalf iff the claimant that the demand .sued on is not an “accrued pension” and so does not come within the provisions of that section, but is a debt, with a vested right of action against the United States, which like other debts and rights .of action pass to the administrator on death of the creditor. This view is based upon the language ■of the Act of January 25, 1879, ch. 23 (1 Supplmt. R. S., 395), under which the certificate was issued, wherein the pensions thereby granted are called “arrears of pension,” and are not styled “ accrued pensions.”
We are unable to concur in this construction. That act did not grant any simcific sum of money, but merely extended the •operation of previously existing pension laws, so as to cause *110 the pensions therein mentioned to begin to run from the date of the death or discharge from service of the pensioners. The act was an extension of former acts, and must be read and construed in connection with them, as statutes in pari materia are always read and construed together, in order to ascertain the legislative will. At the time of the issue of the certificate to the claimant’s intestate, the amounts due him were as much “ accrued pensions ” as they were “ arrears of pensions.” As to such pensions, either of the two'forms of expression is correct. They do not differ from each other in meaning. In other pension acts the same expressions are used without that technical distinction which the claimant now seeks to establish. (Act of July C, 1866, § 6; Act of July 5, 1866, § 4, 14 Stat. L., 57, 230; Act of July 27, 1868, § 9,15 Stat. L., 236.)
That Congress understood and intended section 4718 of the Kevised Statutes to apply to the act of July 25,1879, under which this certificate was issued, is further manifest from section two of the latter act, which is as follows:
“Sec. 2. That the Commissioner of Pensions is hereby authorized and directed to adopt such rules and regulations for the payment of the arrears of pensions hereby granted as will be necessary to cause to be paid to such pensioners, or, if the pensioner shall have died, to the persons entitled to the same, all such arrears of pension as the pensioner may be, or would have been, entitled to under this act. ”
This section assumes that in case of the death of the pensioner there may be other persons entitled to the same under some other provisions of the statutes. No' provisions of that kind exist other than those which are found in Revised Statutes, section 4718. We have already shown that those provisions when first enacted in 1873 constituted an entire change of policy on the part of Congress. They expressly declare that “such accrued pension shall not be considered as part of the assets of the estate of deceased, nor liable to be applied to the payment of the debts of said estate, in any case whatever, but shall inure to the sole and exclusive benefit of the widow or children, and if no widow or child survive, no payment whatever of the accrued pension shall be made or allowed, except so much as may be necessary to reimburse the person who bore the expenses of the last sickness and burial of the deceased, in cases where he did not leave sufficient assets to meet such expenses.”
*111 We see nothing in the act of 1879 to take the case out of the operation of this general and continuing statute.
In our opinion the decision of the Commissioner of Pensions, affirmed by the Secretary of the Interior, that the right to the accrued pension, or pension in arrears, which the claimant’s intestate would have been entitled to had he lived to demand it, did not survive to his administrator, was correct, and therefore we hold that the claimant has no cause of action, and the demurrer must be sustained.