From Homer L. Kreider, Harrisburg, Pa.

## Fees for Affidavits by Veterans

O'HARA, Deputy Attorney General, November 10, 1932. — We have your request to be advised whether in cities of the first, second, and third classes a notary public may claim a fee for taking an affidavit by an ex-soldier in connection with adjusted compensation certificates.

The Congressional Act of May 19, 1924, c. 157, 43 Stat. at L. 121, 38 U. S. C. § 591, et seq., was passed to provide adjusted compensation for veterans of the World War.

Compensation under this act is allowed to any individual who was a member of the military or naval forces of the United States at any time after April 5, 1917, and before November 12, 1918, exclusive of (1) any individual who at any time during such period or thereafter separated from such forces under other than honorable conditions; (2) any conscientious objector who performed no military duty whatever or refused to wear a uniform; or (3) any alien who at any time during such period or thereafter was discharged from the military or naval forces on account of his alienage.

The amount of the adjusted service credit is computed by allowing stated sums for each day of active service in excess of sixty days in the military or

naval forces of the United States after April 5, 1917, and before July 1, 1919, as shown by the service or other record of the veteran.

The Pennsylvania Act of June 11, 1879, P. L. 148, provides:

"That hereafter, it shall be the duty of any magistrate, alderman, justice of the peace, or any other person authorized to take acknowledgments and administer oaths, to perform such service for any soldier, widow or orphan of a soldier, or soldier's parents, who may apply to them for the purpose of making affidavit to papers for the purpose of obtaining pensions, free of charge therefor: *Provided*, That the provisions of this act shall only apply to magistrates, aldermen, justices of the peace or other persons authorized to take acknowledgments in cities of the first, second and third class."

Is adjusted compensation, payable under the provisions of the Act of May 18, 1924, c. 157, a pension within the meaning and intendment of the Act of June 11, 1879, P. L. 148?

In Busser et al. *v.* Snyder et al., 282 Pa. 440 (1925), the court pointed out that pensions in their nature are compensation. In the opinion Mr. Justice Kephart said (page 449):

"Pensions or gratuities for military service are in the nature of compensation for a special and highly honored service to the State, implying the idea of a moral obligation on the part of the government; . . ."

While this pronouncement is dicta, it follows other and earlier authority for the same proposition. See Donnelly, Admin'r, *v.* United States, 17 Ct. Cl. 105, 108 (1881). In that case the court said:

"A pension is a periodical allowance of money to a person, in the nature partly of a gratuity and partly of payment for past benefits conferred; payment because it is supposed to be in consideration of previous services rendered to the government or the public, for which the compensation before made, if any, was inadequate in proportion to the benefits received and the ability of the nation in its prosperity to pay; . . ."

In Singles *v.* United States, 61 Ct. Cl. 433 (1926), the court in its opinion said:

". . . defendant insists (1) that the claim is one 'arising out of the pension laws,' and for that reason is not within the court's jurisdiction. . . .

"If the claim be construed as a pension the court's jurisdiction is expressly excluded by the organic act. . . .

"It is not necessary, however, to a proper decision of the case before us to decide that this court has no jurisdiction of any claim arising under the World War adjusted compensation act, because if it be conceded that plaintiff's claim is one that this court may consider, it would yet be true that the facts present an insurmountable obstacle to any recovery. When a case properly comes here under this phase of its jurisdiction the court must apply the law to the established facts. . . ."

So far as our examination discloses, this is the only case in which the question whether adjusted compensation is a pension has been directly raised. We must, therefore, consider the term "adjusted compensation" in the light of the definitions stated in Busser *v.* Snyder, supra, and Donnelly *v.* United States, supra. As there viewed, a pension is an adjusted compensation, and, vice versa, an adjusted compensation is a pension. As such, it is within the meaning and intendment of the term "pension" as used in the Act of June 11, 1879, P. L. 148.

Therefore, you are advised that a notary public in cities of the first, second and third classes is not permitted to charge a fee for any affidavit taken to papers executed for the purpose of obtaining an adjusted compensation under the Act of May 19, 1924, c. 157, 43 Stat. at L. 121, 38 U. S. C. § 591, et seq.

From C. P. Addams, Harrisburg, Pa.