Nott, J.,
delivered the opinion of the court:
The defendants rely on a balance appearing upon the books of the Treasury as a defense to the claim of his widow for the three months’ extra pay given by the Act 19th July, 1848 (9 Stat. L., 248, § 5). The nature of this indebtedness does not appear, nor is it pleaded either as a set-off or payment. But inasmuch as the facts are admitted by the brief of the claimant, the court will proceed to pass upon the question of law involved.
That question is whether, the widow can maintain an action in her own right or only as a representative of her husband’s estate.
The three months’ extra pay was in no manner a legal obligation. It was more in the nature of a gift inter vivos. Congress had power at any time before payment to revoke it, and were free to attach to it such conditions as might be deemed advisable, or to devise it to such other persons as might be thought most deserving of it. It was in fact and in law a gratuity given as a reward for faithful service, aud the present question is to whom was it given, whether to the soldier in his own right *425 aud absolutely so as to form an asset of bis estate, or to the persons named in the act ?
Primarily it is to go to the soldier. “ If he died without receiving the same,” it is to go to his widow; if there be no widow, it is to go to his children; if there be no child, it is to go to his father and mother; if there be no father or mother, it is to go to his brothers and sisters. To no one beyond this list of persons does the statute assume to make a'grant. The next of kin after brother and sisters are not provided for. Even grandchildren in the line of direct descent are apparently excluded. Of executors, administrators, legatees, or creditors there is no mention.
These provisions of the original act show that Congress guarded in unmistakable terms on the one hand against these gifts lapsing with the death of the officers or soldiers for whom they were primarily intended, and on the other against their falling into the hands of administrators and becoming assets for the benefit of creditors. If the widow is merely a representative entitled to sue in the stead of an administrator, so must be the children, or the parents, or the brothers and sisters. Moreover, if any of these parties recover the money only as representatives of the deceased soldier, they are bound to account for it to somebody and somewhere; and who the beneficiaries will be and in what jurisdiction they can be made to account, no indication is given in the law. Finally, if Congress intended these gifts to be absolute and irrevocable, constituting vested rights in the soldiers as completely as if they were reduced to possession, then it is manifest that, though a soldier die leaving neither wife nor child, father nor mother, brother nor sister, but creditors only, the gifts will be a chose in action forming a part of his estate and becoming an asset in the bauds of his administrator.
The court is of the opinion that an officer or soldier, dying before he receives the three months’ extra pay, has, at the time of his death, no legal right which can be the subject of attachment, execution, assignment, or testamentary bequest. When he dies his inchoate right expires with him, and the privilege of seeking the gift passes to the next person named in the statute. When all of these have died the privilege has passed away with them and the right to seek the gift has been extinguished.
*426 It is possible that if the officer in this case had made a demand on the Treasury in his life-time, and the claim had been reduced to the tangible form of a warrant or draft in his favor, the accounting officers, at the moment of payment, might have asserted the Government’s right of set-off, under the Revised Statutes, § 1766. But it is conceded that the officer did not do so. He died without having exercised his privilege, which passed eo instanti to his widow, and the right to receive the gratuity became, during her life, hers.
It does not appear that Mr. Semple had overdrawn his pay as an officer in the Navy, nor does the nature of his alleged indebtedness to the Government appear. The account in the Treasury was stated against him after his death, and, consequently, when he was not here to explain or contest it. The balance appearing on the books of the Treasury may be a subject of set-off against his administrator as it might have been against him, but it does not follow that it is a subject of set-off against his widow. She is entitled by law to recover the three months’ extra.pay, if her husband “ died without receiving the same,” and the only indebtedness that can be set up against her demand is her own indebtedness to the defendants. The court is of the opinion that a debt of the husband to the Government is not a subject of set-off against the widow, and that where the debt was not an overpayment of pay, it can not be pleaded as a payment.
The judgment of the court is that the claimant recover the three months’ extra pay given to her by the statute, amounting to $500.