Nott, J.,
delivered the opinion of the court:
The claim set up in this case was allowed by the Secretary of the Interior, December 1st, 1870, in favor of William H. Moore & Co. The peculiarity of its present status is that neither party has elected to reopen the case, and that the United States have filed a plea of sét-off, setting up judgments recovered by them against one of the partners. The claimant has moved to strike this plea from the files, i. e., to dismiss it for irregularity.
Several grounds are assigned for this motion by the claimant, the first of which is that no plea of any kind can be entertained by the court until after an election to reopen the case.
In some cases this may be true. The statute provides (sec. 4) that judgments for the amounts found due by the Secretary of *439 the Interior “shall be rendered, unless either the claimant or the United States shall elect to reopen the case.” But electing to reopen the case casts upon the party so electing “the burden of proof.” A case may exist, and this we must assume to be such, where neither party wishes to disturb or question the award of the Secretary. If the statute stopped with the above direction concerning allowed cases, it might be questionable whether such a plea could be filed without reopening the case. But the statute expressly provides in its grant of jurisdiction to this court the power to inquire into and finally adjudicate “all just offsets and counterclaims to any claim of either of the preceding classes which may be before such court for determination.” (Sec. 1.)
A case is before the court for determination until a final judgment be rendered; and until then the court is required to entertain the jurisdiction of an offset or counterclaim brought before it by the defendants. Why, then, should either party be compelled to elect to reopen a case and assume the burden of proof concerning the claim itself when neither party desires to question the award by which it comes into court proved and liquidated? Certainly the statute was not intended to retard the administration of justice and cause needless inconvenience to litigants. As the case now stands, the claimant is entitled to judgment and the defendants are entitled to have their offset or counterclaim tried and determined, and it is not necessary that either right should conflict or interfere with the other.
Another ground assigned is that the plea comes too late; that the statute provides that—
“It shall be the duty of the Attorney-General of the United States to appear and defend the interests of the Government and of the Indians in the suit, and within sixty days after the service of the petition upon him, unless the time shall be extended by order of the court made in the case, to file a plea, answer, or demurrer on the part of the Government and the Indians, and to file a notice of any counterclaim, set-off, claim of damages, demand, or defense whatsoever of the Government or of the Indians in the premises.” (Sec. 4.)
The counsel for the claimant insists that with the expiration of this statutory time, unless it be extended by the court, the right to interpose a special plea of this nature is absolutely gone, and that the court is without power to give relief.
A number of cases are cited to sustain this position; but it *440 will be found, we think, that all such decisions refer to remedies which are iu their nature optional with the party. An application to remove a case from a State court to a United •States court must be made within statutory time, and the courts are without authority to extend the time or to relieve a party from his mistake or oversight in not moving within due time. But there a legal right is not involved. It is simply a choice of jurisdictions. The party still has his opportunity to assert his rights in a State court. Pie has had an election and has neglected to avail himself of it, and has lost it; but that does not prevent him from having his day in court.
Iu the case of failure to appeal withiu the statutory time, the case is harder. Yet, nevertheless, there the party has had his day in court and has rested content with the judgment. There must be an end of litigation, and a time must be fixed within which appeals may be taken. After that time has expired a party can not change his mind and appeal, and the courts can not assist him to do so. Nevertheless, there is an inherent power in all courts to open defaults while they have jurisdiction of a case, and to relieve suitors from the mistakes and omissions of their attorneys; and it could not have been intended by Congress that these Indian depredation cases should be an exception to the general rule, and that the rights of the United States in these matters of set-off and counterclaim should be absolutely dependent upon the vigilance of their law officers. It is manifest, we think, that the provision of the statute above quoted is directory to the Attorney-General and not mandatory upon the court; and consequently that the court has power to allow a idea of set-off or counterclaim to be filed after the statutory time for filing it has expired.
It is also maintained by the counsel for the claimant that the defendants had no right to file the plea after the expiration of the sixty days prescribed by the statutes without leave obtained from the court. This point is well taken. The right to file the jilea expires as a right when the prescribed time for filing it expires. It then becomes a matter of discretion with the court whether the plea may subsequently be filed. But in this case the parties have gone behind this objection in well-considered arguments, and the court deems that it will be more convenient to disregard this objection and now grant leave to the defendants to file the plea as of the time when it was filed.
*441 The counsel for tbe claimant also contends tbat sucb a plea can not be entertained if properly filed ; tbat tbe United States can not set np tbe indebtedness to themselves of one member of a partnership against a debt due to tbe firm from a tribe of Indians. Tbe court expresses no opinion upon this point at this time. Tbat question can only be determined after tbe plea lias been filed and tbe claimant has joined in an issue oí law or of fact. Tbe case will then be in a position tbat will enable tbe court to attach to it a final determination in tlie nature of a judgment which can be reviewed by one party or the other in tbe Supreme Court.
Tbe order of tbe court is tbat leave be granted to tbe defendants, nunc pro tunc, to file their plea of set-off in this case as of October 7,1895; and tbat tbe claimant’s, motion filed November 1,1895, to strike sucb plea from tbe files of tbe court be ■overruled.