Nott, Oh. J.,
delivered the opinion of the court:
On the 27th October, 1886, the Secretary of the Interior made an award in an Indian depredation case by allowing the same and recommending it to Congress. The claim had been presented to the Department by William H. Moore and Will *375 iam C. Mitchell, partners. Each partner signed the petition severally, and each made oath to it. While it was pending-before the Department William C. Mitchell died. His widow continued to prosecute it on behalf of both the surviving partner and the heirs or the next of kin of the deceased partner. When it was finally allowed, the recommendation of the Commissioner of Indian Affairs was in these words: “That the claim be allowed to William H. Moore and the heirs of William 0. Mitchell, deceased, for the sum of $22,950.” EÉis recommendation was concurred in by the Secretary of the Interior.
After this allowance of the claim the surviving partner, William H. Moore, died. Subsequently his administrator de bonis non brought an action in this court under the Indian Depredation Act, 1891, in which he seeks, as representative of the surviving partner, to recover the whole amount of the award. George W. Kerr, administrator of the estate of William C. Mitchell, the partner who first died, also brought his separate action, in which he seeks to recover a moiety of the award for the benefit of the widow and distributees of that estate.
After legal proceedings were instituted in this court all parties, claimants and defendants, elected not to reopen the award of the Interior Department. By the Indian Depredation Act, section 4, it is provided that certain claims, of which the claim now under consideration is one, “which.have heretofore been examined, approved, and allowed by the Secretary of the Interior,”. “ shall have priority of consideration by such court, and judgments for the amounts therein found due shall be rendered, unless either the claimant or the United States shall elect to reopen the case and try the same before the court.” ' In these cases, as - has been said, no party elected to reopen. There is therefore an award before the court for a fixed and determined amount for which one or the other or both of the contending claimants are entitled to have judgment; and this award, in view of the facts that it is for a determined amount, and that by the direction of the statute the court must award judgment therefor without further inquiry or litigation, bears a very strong resemblance to a fund in equity.
These are the facts relating to the two cases as they appear upon the records of the court. But in the case of Labadie, administrator of Moore, which is the case now before the *376 court, on tbe one band all of these facts do not appear, and on the other there are some additional facts which have not been stated.
The claimant, as has been said, is seeking to recover, as representative of the surviving partner, the whole of the award; and the defendants, as has been said, have elected not to reopen the case. But the defendants, the United States, have interposed a plea of set-off founded upon judgments which they recovered against the surviving partner individually, and their set off, if it be maintained, will more than absorb the whole amount of the award. The defendants, the Cheyenne Indians, consent, through their representative, the Attorney-General, to have their liability thus extinguished. At the previous term the claimant raised an objection to the United States filing a plea of set-off in a case which they had not elected to reopen; but the court held that where neither party wishes to disturb or question the award of the Secretary a counter claim maybe set up against it under the first section of the act without reopening the case. (31 C. Cls. R., 436.) If the defendants had elected to reopen, the burden of proof would have been upon them, so the act provides, and they would be in danger of being cast in damages for a larger amount than the Secretary awarded. All parties, therefore, concurred in letting the award stand.
Pursuant to an intimation of the court in the decision just referred to, the claimant demurred to the plea of set-off filed by the United States. The demurrer, of course, confesses all facts well pleaded, but confesses nothing more. That plea alleges that “the said William H. Moore was, at the time of his death, indebted to the defendants, the United States, in the sums of $10,000, $3,320.71, and $20,000, upon three several judgments rendered on the 1st day of August, 1873, the 16th day of June, 1874, and the 19th day of July, 1874, respectively, by the United States district court for the first judicial district of the Territory of New Mexico, said judgments being legally and properly rendered and now remaining in full force and effect.” The plea does not refer to the suit of the representative of Mitchell, but that party now comes into court and asks to be heard in the case of Labadie, and contends (1) that under the award of the Secretary of the Interior one-half of the amount there allowed is payable and due to the estate of *377 Mitchell; (2) that neither the surviving partner nor his administrator de bonis non has ever had a right to receive or control the whole of the award; (3) that the Indian Depredation Act, section 9, recognizes the natural and equitable rights of a deceased claimant’s “lawful heirs,” and expressly provides that payments of judgments may be made to them directly; (4) that there is no partnership estate in these cases to be wound up, and that payment in this case has already been ordered to be made directly to the heirs of the deceased partner; (5) that these claims do not come within the ordinary rules of partnership, by reason of the provisions of the statute.
In the elaborate arguments addressed to the court at the hearing upon the single legal question whether a set-off against a surviving partner individually can be maintained where it will exceed his individual interest in the cause of action and thereby absorb the whole of the judgment which the firm may be entitled to recover, it was contended by the counsel of the United States that such is the law of partnership. Some courts have certainly gone a long way in this direction, and notably the Supreme Court of Massachusetts in the case of Holbrook v. Lackey (13 Metc. R., 132), where Chief Justice Shaw said of a.surviving partner suing to collect a partnership debt:
“At law he is the sole creditor, and has the sole power to collect the debt and to maintain a suit to recover it. And all the legal consequences resulting from this principle are held to flow from it. The surviving partner, in suing, may join a separate debt of his own. (Hancock v. Haywood, 3 T. R., 433.) So a surviving partner, in a suit against him for a separate debt of his own, may set off a debt due to him and his deceased partner jointly. (Slipper v. Stidstone, 5 T. R., 493.) So a debt due from the plaintiff',, as surviving partner, may be set off' against a debt due from the defendant to the plaintiff severally. (French v. Andrade, 6 T. R., 582.) In our own courts it has been held that a surviving partner of two firms may join demands of both in one suit. It is so far held to be his duty to do so that he can have but one bill of cost if he brings two actions. (Stafford v. Gold, p. Pick., 533.) Neither the administrator of the deceased partner nor any creditor of the partnership can have any suit or proceeding, in law or in equity, against the partnership debtor, unless through legal proceedings in insolvency, instituted on the application of the debtor or of the creditors. Till then the law makes no distinction between a debt originally due to a party severally and a debt due to him as surviving partner.”
*378 The theory of the common law is that a debt due to partners is due to them jointly. Accordingly, upon the death of one partner the sole right survives in the other. It is then as if the debtor had owed the surviving partner individually, ab initio. It is as under the law of real estate in cases of joint tenancy, where upon the death of one the entire estate remains vested in the survivors. But in these Indian depredation cases there is no obligation known to the law as a debt. The obligation, such as it is, is created by the statutes. From' a legal point of view the claims rest on a promise, an assurance, a moral obligation, but nevertheless they are not demands or choses in action known to the law, and consequently fall within the classification of gratuities. In giving a legal character, a validity to such claims, Congress may impose conditions and give preferences and make exclusions. The widow may be preferred to the children, the children to the assignee in bankruptcy, and creditors may be wholly excluded from the benefits of a statute. (Semple’s Case, 24 C. Cls. R., 422; Durkee’s, 28 id., 326.) In this instance the statute, not in express terms, but by necessary implication, does exclude assignees and creditors, for it provides that payments shall be made “only to the claimant dr his lawful heirs, executors, or administrators, or transferee under administrative proceedings.” (§ 9.) By “heirs” the court understands his widow and next of kin. That is to say, if a claimant be dead, payment may be made to his widow and children without the interposition of a legal representative. Whether they can maintain an action in this court without the appointment of an executor or an administrator is a question not before the court. It is enough to say that Congress have dealt with these claims in a manner differing materially from the strict rule of the common law.
But there is a question before the court, presented, indeed, by the administrator of a deceased partner, but going to the right of the widow and children to recover in one of these depredation cases. If they had acquiesced in the prosecution of their claim by the administrator of the survivingpartner, it •is probable that he would have been allowed to recover for the entire claim of the partnership. But the facts of the case do not show such acquiescence. On the contrary, she presented the claim of her deceased husband, or joined in its prosecution *379 in tbe Interior Department, and procured an award payable in terms to tbe beirs of Mitcbell; and sbe or they subsequently, through tbe administrator of her husband’s estate, have prosecuted the award in this court. She was a claimant before the Department, and the heirs were among those claimants before Congress for whose benefit tbe Indian Depredation Act was passed. It is not to be supposed that Congress intended to create legal gratuities technical in their nature and for the benefit of persons not equitably entitled to receive the same. In other words, it is not to be supposed that Congress intended to allow a surviving partner or the administrator of a surviving partner to recover amid circumstances which will amount practically to the exclusion of a deceased partner’s widow and next of kin. We are of the opinion, therefore, that such widow and next of kin are claimants within the intent and meaning of the statute, and that their rights are to be protected by the court.
The order of the court is that the demurrer of the claimant Labadie to the plea of set-off filed by the United States be overruled, with leave to su'ch claimant to file a traverse to the plea, if he be so advised, within thirty days. If no such traverse be so filed, the defendants may move for judgment on the demurrer without further notice. But this order and the j udg-rnent, if any, rendered on the demurrer shall be without prejudice to the claim of Kerr,, administrator of Mitcbell, in case 6376.