Williams, Judge,
delivered the opinion of the court:
This suit is based on the act of December 17,1919, 41 Stat. 367, title 10, ch. 25 U. S. Code, sec. 903, the material part of which is as follows:
“Hereafter, immediately upon official notification of the death from wounds or disease, not the result of his own misconduct, of any officer or enlisted man on the active list of the Regular Army or on the retired list when on active duty, the chief of finance of the Army shall cause to be paid to the widow, and if there be no widow to the child or children, and if there be no widow or child to any other dependent relative of such officer or enlisted man previously designated by him, an amount equal to six months’ pay at the rate received by such officer or enlisted man at the date of his death * * .*”
Captain Spotswood, an officer on the active list of the Regular Army of the United States, died on March 25,1931, from wounds or disease not the result of his own misconduct. Official notification of his death was received by The Adjutant General on March 27, 1931. The official board appointed to investigate his death notified The Adjutant General on April 8,1931, that his death was not due to his own misconduct. Five days thereafter, on April 13, 1931, his widow died. On April 18, 1931, the chief of finance, United States Army, issued a check to the order of the widow in the sum of $1,440.00, the amount of six months’ pay at the rate received by. Captain Spotswood at the date of his death. The check was returned to the finance officer on April 28, 1931, by the father of the widow, now the administrator of her estate and the plaintiff herein, with the explanation that the payee had died before the receipt of the check. On May 27, 1931, plaintiff requested payment of the proceeds of the *839 check to the estate of the widow, but the finance officer advised him that the payee having died without receiving payment the War Department was not authorized to make payment to her estate.
The question for decision is: Did the widow at the time of her death have a vested interest in the six months’ pay provided in the statute which may be asserted by her administrator ?
The defendant contends that the widow did not have such vested interest; that the claim is for a gratuity which has no foundation in law, but depends entirely upon the generosity of the United States; that the widow’s right to the payment of the death allowance is purely personal; that the allowance must be reduced to possession during her lifetime, and that since the check for the allowance was not received by her prior to her death, the amount thereof cannot be paid to her legal representative. Emerson’s Heirs v. Hall, 13 Pet. 409, and Semple v. United States, 24 C. Cls. 422, are cited as authorities supporting these contentions.
The precise question presented was considered by the court in the case of George B. Phillips, Admr., v. United States, 49 C. Cls. 703, in construing substantially the same provision of law in the act of May 13, 1908, as that involved in the instant case. The decision was adverse to the contentions here made by the defendant. The case concerned an enlisted man in the Navy who had designated his father as beneficiary. The father died subsequent to the death of the enlisted man but prior to the payment of the six months’ pay which he was entitled to receive under the act. The administrator of the beneficiary brought suit to recover the amount of the allowance and was awarded judgment for the same. The case was reported without an opinion, but the record discloses that the same contentions were then made as now, and the same authorities were cited and relied upon by the defendant as in the ease at bar.
Semple v. United States, supra, is clearly distinguished from the instant case on the facts. The act of July 19, 1848 (9 Stat. 248), provided:
“ That the officers, noncommissioned officers, musicians, and privates engaged in the military service of the United States *840 in the war with Mexico, and who served out the term of their engagement, or have been or may be honorably discharged — and first to the widows, second to the children, third to the parents, and fourth to the brothers and sisters of such who have been killed in battle, or who died in service, or who, having been honorably discharged, have since died, or may hereafter die, without' receiving the three months7 pay herein provided for — shall be entitled to receive three months’ extra pay.”
One Semple who served as a purser in the Navy during the war with Mexico died in 1883 without having received the three months’ pay. His widow brought suit for the allowance. The- Government undertook to offset an alleged indebtedness of Semple to the. United States. The sole question before the court was whether the widow was entitled to the three months’ pay in her own right or only as a representative of her. husband’s estate. In deciding this question the court said:
“ The three months’ extra pay was in no manner a legal obligation. * * * It was in fact and in law a gratuity given as a reward for faithful service, and the present question is to whom was it given, whether to the soldier in his own right and absolutely so as to form an asset of his estate, or to the persons named in the act ? * * *
“ She is entitled by law to recover the three months’ extra pay, if her husband ‘ died, without receiving the same’, and the only indebtedness that can be set up against her demand is her own indebtedness to the defendants. * * * ”
In the case of Emerson's Heirs v. Hall, supra, it appears that one William Emerson, then serving as a surveyor of the Port of New Orleans, had taken part with others in the seizure of a brig engaged in the slave trade. In proceedings in . the district court resulting in the condemnation of the vessels and slaves, Emerson was allowed a claim for part of the proceeds. The Supreme Court in The Josefa Segunda, 10 Wheat. 313, reversed the decree of the district court. Emerson died in 1828. Congress on March 3,1831, passed an act entitled “An act for the relief of Beverly Chew, the heirs of William Emerson, deceased, and the heirs of Edward Lor-rain, deceased ”, providing for the payment of the proceeds of the seizure to Beverly Chew and the legal representatives of William Emerson and Edward Lorrain. The sole ques *841 tion before the court was whether the sum received by the heirs of Emerson, under th'e act, was assets of his estate and as such subject to the payment of his’ debts. The court in deciding the question said:
In the seizure and prosecution of a vessel for a violation of law, Emerson, with those who cooperated with him, rendered a meritorious service to the public. But he acted under no law, nor by virtue of any authority. And his acts imposed no obligation, either in law or equity, on the Government, to compensate him for his services. * * *
“ * *_ the Government might have directed the money to be paid to the creditors of Emerson, or to any part of his heirs. Being the donor, it could, in the exercise of its discretion, make such distribution or application of its bounty as circumstances might require. And it has, under the title of an act, ‘ for the relief of the heirs of Emerson ’, directed, in the body of the act, the money to be paid to his legal rep^ resentatives. That the heirs were intended by this designation is clear; and we think the payment which has been made to them, under this act, has been rightfully made; and that the fund cannot be considered as assets in their hands for the payment of debts.”
These decisions, we think, are clearly inapplicable to the facts and the issue of the instant case, and in no way conflict with the holding in Phillips, Admr., v. United States, supra. The statute in plain terms provides that “ immediately upon official notification of the death from wounds or disease, not the result of his own misconduct, of any officer * * * on the active list of the Regular Army * * *, chief of finance of the Army shall cause to be paid to the widow * * * an amount equal to six months’ pay * * The officer in this case died from wounds or disease not the result of his own misconduct. He died while serving on the active list. He left a widow surviving him, who upon the official notification of his death, in the circumstances stated, became entitled to receive a sum equal to six months’ pay at the rate received by him at the time of his death. The widow’s right to receive this payment constituted a legal claim against the United States for which, had payment for ¿ny reason been withheld, she could have instituted and maintained suit in this court, or in the District Court of the United States. And it is entirely immaterial whether the *842 amount claimed was or was not in the nature of a gratuity allowance. A gratuity payment authorized by law constitutes a legal claim and may be enforced by the person entitled to receive it. The right of action on such claim, in the absence of a provision to that effect in the statute, creating it, is not abated by the death of the person having the claim, but passes to his legal representative; who can prosecute it to judgment.
Upon a careful consideration of the case we adhere to our decision in Phillips, Admr., v. United States, supra, and hold that the plaintiff is entitled to recover.
Judgment is awarded the plaintiff in the sum of $1,440. It is so ordered.
Whaley, Judge; LittletoN, Judge; Geeen, Judge; and Booth, Chief Justice, concur.