Per CuRiAM:
The claimant, Clinton B. Thurber, was, on January 1, 1904, appointed and commissioned from civil life as assistant engineer in the Navy. The oath of office was administered January 20, 1904, and he entered upon active duty January 20, 1904, with the rank of junior lieutenant. His appointment was made under the Act March 3, 1903 ( 32 Stat. L., 1197) :
“ The grades of the active list of the Navy hereinafter designated shall be so increased that there shall be * * * one additional civil engineer, in all twenty-eight; and twelve assistant civil engineers, of whom six shall have the rank of lieutenant (junior grade) and six the rank of ensign: Pro *492 vided, That assistant civil engineers, during the first five years after date of appointment, shall receive, per annum, when on duty, $1,500; when on leave or waiting orders, $1,000; during the second five years after such date, when on duty, $1,800; when on leave or waiting orders, $1,200; and after ten years from such date, when on duty, $2,100; and when on leave or waiting orders, $1,400: And provided f arther, That promotions in the corps of civil engineers shall be after such examinations as the Secretary of the Navy may prescribe.”
The claimant contends, under section 13 of the act of March 3, 1899, known as the navy personnel act, that “ all officers, including warrant officers, who have been or may be appointed to the Navy from civil life shall, on the date of appointment, be credited, for computing their pay, with five years’ service,” and therefore he is entitled to constructive-service pay upon the basis of the amounts fixed by the Congress in the act of March 3, 1903; that in effect the act of March 3, 1903, did not by implication render inapplicable section 13 of the act of March 3, 1899, in so far as claimant’s salary is concerned, and this contention appears to be sustained by the fact that contemporaneously with the passage of the act, to wit, on April 20, 1903, the Navy Department issued a public circular adopting this construction and inviting enlistments under its terms. That circular provided, among other things:
“Appointees to the grade of civil engineer will enter the corps with the rank of junior lieutenant and pay of $2,700 per annum. At the end of five years the pay will be increased to $3,000 per annum and at the end of ten years to $3,500 per annum.
“Appointees to the grade of assistant civil engineer will enter with t'he rank of junior lieutenant and pay of $1,800 per annum, increasing to $2,100 at the end of five years.”
The services of the claimant were enlisted after the promulgation of this construction of the act and no doubt under the belief that its terms would be fully complied with. While we entertain some doubt as to the correctness of this ruling, we are inclined to follow the construction so given by the Navy Department.
The judgment of the court is that the claimant recover $1S2.50.