Peblle, Ch. J.,
delivered the opinion of the court:
In January, 1903, the claimant was appointed for temporary service in the United States Navy under Revised *162 Statutes, section 1370, as amended by the act of May 4, 1898 (30 Stats. L., 380), which, among other things, provides: “ The President is hereby authorized to appoint for temporary service twenty-five acting assistant surgeons who shall have the relative rank and conqpensation of assistant surgeons.”
Under that appointment the claimant became entitled to and was paid the rate provided for by Revised Statutes, section 1556, for assistant surgeons in the Navy during the first five years after date of appointment.
The claimant contends, notwithstanding he was appointed for temporary service, that he is entitled to be credited on the date of his appointment with five years’ constructive service under the provisions of section 13 of the act of March 3, 1899, known as the navy personnel act (30 Stat. L., 1005), as amended by the act of June 7, 1900 (31 Stat. L., 697), the first of which acts assimilates the pay of officers of the line and of the medical and pay corps of the Navy to officers of corresponding rank in the Army and provides for five years’ constructive service to those appointed from civil life. The amendatory act of June 7 provides, in effect, that if by said section 13 the pay of such officers would be reduced, then and. in that case they shall be paid the rates of pay in force prior to the passage of said act of 1899.
The question here was involved in the Taylor case (38 C. Cls. R., 155), and the ruling in that case was against the claimant on the ground that the act of March 3, 1899, had no application to officers of the Navy in the temporary service, and that therefore the claimant was not entitled to credit for the constructive service therein provided for. We see no reason to change the ruling in that case or the reasoning by which that ruling was reached.
The claimant also cites and apparently relies on the case of Thurber (40 C. Cls. R., 489), wherein the claimant was appointed an assistant civil engineer under the naval appropriation act of March 3, 1903 (32 Stat. L., 1177-1197).
The provision of the act referred to provides for the increase of the active list of the Navy in certain grades, while section 7 of the jxersonnel act provides what officers shall *163 compose “ tile active list of the line of the Navy,” among which the claimant was by said act of March 3, 1903, included, he having been appointed from civil life under that act as an assistant civil engineer with the rank of lieutenant, junior grade, and was therefore appointed in the Kegular Navy.
The question in that case was whether the claimant was entitled under the 'third proviso to said section 13 to be credited with five years’ constructive service. That proviso, so far as material here, is that “ all officers, including warrant officers, who have been or may be appointed to the Navy from civil life shall, on the date of appointment, be credited, for computing their pay, with five years’ service.”
Prior to the claimant’s appointment in that case the Secretary of the Navy had issued a circular wherein, in conformity with the provisions of said section 13, he designated the pay an assistant civil engineer would be entitled to upon entering the service, and in respect thereto the court said:
“ The services of the claimant were enlisted after the promulgation of this construction of the act, and no doubt-under the belief that its terms would be fully complied with. While we entertain some doubt as to the correctness of this ruling, we are inclined to follow the construction so given by the Navy Department.”
The doubt expressed in that case was because the act authorizing the appointment 'of assistant surgeons in the regular Navy fixed their salary “ during the first five years after date of appointment ” at one thousand five hundred dollars, etc. That act being- subsequent to the navy personnel act, the question was whether it did not operate to repeal the proviso to section 13 of said navy personnel act giving to such officers appointed from civil life credit for five years’ constructive service. But as the claimant' in that case had been appointed in the regular Navy and the Secretary of the Navy in his circular had construed the provision of the navy personnel act as applicable to such officers, Ave concluded to follow him but expressed our doubt as to the correctness of his ruling.
In the present case the claimant >vas appointed for tern- *164 porary service, and the circular issued by direction of the Secretary of the Navy, set out in finding i, shows that fact— that is, to meet the exigencies of the service the Secretary had authorized the “ appointment of twenty-five acting assistant surgeons for three years’ service.”
We have examined with great care the able and somewhat persuasive brief of the claimant’s counsel and the various authorities cited therein, but as the claimant’s right to recover depends upon whether on the date of his appointment he is entitled under the navy personnel act to credit for five years’ constructive service, and as we hold that the Taylor case applies, we deem it unnecessary to pursue the case further, and the petition is dismissed.