Littleton, Judge,
delivered the opinion of the court:
Plaintiff seeks to recover flying pay of Captain Oliver K. Bobbins, Air Corps, Begular Army, for the period June 1 to October 7, 1937, in the amount of $687.91, under section 2 of the act of July 2, 1926 (44 Stat.-781) and section 3 of the act of June 16, 1936 (49 Stat. 1524). The 1926 act provided as follows:
Officers and enlisted men of the Army shall receive an increase of 50 per centum of their pay when by orders of competent authority they are required to participate regularly and frequently in aerial flights, and when in consequence of such orders they do participate in regular and frequent aerial flights as defined by such Executive orders as have heretofore been, or may hereafter be, promulgated by the President. * * *.
Section 3 of the 1936 act provided as follows:
A flying officer in time of peace is defined as one who has received an aeronautical rating as a pilot of service types of aircraft or one who has received an aeronautical rating as an aircraft observer: Provided, That in time of peace no one may be rated as an aircraft observer unless he has previously qualified as a pilot; * * *.
The facts show, and it is admitted, that Captain Bobbins had the rating of a pilot and, also, that of an observer during the period of the claim for flying pay. This brought him within the definition of a flying officer. The facts also show, and it is admitted, that he was detailed to duty requiring regular and frequent participation in aerial flights as an observer (findings 5 and 7) and that he actually performed the aerial flights necessary to entitle him to draw flying pay as prescribed in paragraph 10 of the Executive Order of June 27, 1932 (findings 17 and 18). However, Captain Bobbins was not paid the flying pay because of an erroneous personnel order, #103, issued by order of the Chief of the Air Corps May 5,1937, temporarily suspending Captain Bobbins from flying duty as a result of the misunderstanding or misinterpretation by the Chief of the Air 'Corps of a memorandum or “directive” received from the Adjutant General (see finding 12).
The evidence as disclosed by the official records of the War Department shows that during June, July, and Sep *491 tember Captain Robbins regularly performed certain aerial ■flights as an observer in Army aircraft which, so far as the record shows, were made with the approval or on the orders of the Commanding Officer at Hamilton Field, California, and were placed in the records of his office. At least two of the flights performed on July 28,1937, are shown to have been performed under written order No. 126 of his Commanding Officer.
Counsel for defendant contend (1) “That regardless of ■the authority of the War Department to revoke the suspension order db initio, flights performed by deceased [Captain Robbins] when the suspension order was in effect were not performed ‘in consequence of’ orders requiring him ‘to participate regularly and frequently in aerial flights’ within the meaning of the statute, so as to entitle him to increased pay ■by reason of such flights; and (2) That paragraph 12 of the regulations set forth in the Executive Order, supra., does not authorize retroactive cancellation of suspension orders issued pursuant thereto, except in the instances expressly provided for therein, and accordingly the attempt of the War Department to vacate the suspension order db initio did not have the effect of conferring retroactively the right to extra flight pay under the statute and Executive order.”
We are of opinion that the temporary suspension order, which everyone concerned admitted and held was erroneously issued on May 5,1937, did not under the peculiar facts of this case operate to prohibit the payment to Captain Robbins of statutory flying pay to which he otherwise became entitled under the statutes and the Executive Order regulations. The Adjutant General, by order of the Secretary of War, and the Chief of the Air Corps so declared and ordered after the erroneous suspension order had been revoked, and the Adjutant General, by order of the Secretary of War, directed that Captain Robbins be certified to the proper disbursing officer as being qualified for flight pay provided he had otherwise met the requirements of paragraph 10 of Executive Order No. 5865, which requirements, the evidence shows, Captain Robbins had met. In addition to this, the Chief of the Air Corps, after the erroneous suspension of personnel order #103 had been removed *492 by personnel order #235, October 8, 1937, issued personnel order #299, in which he .revoked ab initio the erroneous temporary suspension order #103 and the personnel order #235 removing the erroneous suspension, and, in addition, notified the Commanding Officer at Hamilton Field, California, where Bobbins was stationed on active duty as a flying officer, as follows:
Inasmuch as Paragraph 2, Personnel Orders No. 103, OCAC, dated May 5, 1937, and Paragraph 4, Personnel Order’s No. 235, OCAC, dated October 8, 1938, were revoked by Paragraph 7, Personnel Orders No. 299, OCAC, dated December 23, 1937, Major Bobbins’ status is the same as though none of these orders had issued. He was, therefore, on the status of Observer during the period May 5, 1937, to December 23, 1937, and any flying done by him during this period, if otherwise correct, should be credited on Air Corps Form No. 5, toward minimum flying requirements, as outlined in War Department Circular No. 48, 1937, and Air Corps Circular 60-22, dated July 28, 1937.
So far as appears this order was officially complied with.
We find nothing in the statutes or in the regulations contained in Executive Order No. 5865 which prohibited the Adjutant General and the Chief of the Air Corps, with the approval of the Secretary of War, from correcting an obvious érror when it was discovered and retroactively, as they clearly did, ratifying and approving the aerial flights made by Bobbins in the regular course of his duties as an' aircraft observer in Army aircraft in conformity with regular and proper orders and ratings theretofore issued and existing. The evidence of record is sufficient to show, and we have found as a fact, that the Chief of the Air Corps did not issue the temporary suspension order of May 5, 1937, for a reason within the intent and purpose of paragraph 12 of Executive Order 5865, namely, because, in his opinion, Bobbins was unfit for flying as an observer, but solely because of his misunderstanding and misinterpretation of certain statements contained in the memorandum of the Adjutant General. Except for that misunderstanding, no such suspension order would ever have been issued under paragraph 12 because, as a matter of fact and law, Bobbins was *493 duly qualified and fit for the flying duty which he was performing, and which he did perform during and subsequent to the temporary suspension order, No. 103, of May 5, 1937. It is not, therefore, necessary to discuss the point whether the erroneous suspension order was legally issued and whether, if it was, the Secretary of War could retroactively revoke it so as legally to entitle the flying officer concerned to the statutory flying'pay for aerial flights performed in accordance with regular orders and ratings theretofore issued. Of course the Secretary of War could not, in correcting an error, retroactively take any action which would entitle a flying officer to the statutory flying pay unless such flying officer had been in the air the required number of hours under paragraph 10 of the regulations relating to aerial flights contained in Executive Order 5865, but, in this case, he did not undertake to do so.
Plaintiff is entitled to recover and judgment will be entered for $687.91. It is so ordered.
Madden, Judge; Whitaker, Judge; and Whalet, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.