Littleton, Judge,
delivered the opinion of the court:
In August 1939 the President appointed plaintiff an acting assistant surgeon in the Navy for temporary service under the act of May 4, 1898 (30 Stat. 369, 380; U. S. Code, Title 34, section 21). The appointment specifically stated: “This .appointment to continue in force during the pleasure of the Secretary of the Navy.” While serving under this appointment plaintiff became incapacitated as a result of an incident •of the service, and he was examined for retirement and was placed on the retired list of officers of the Navy as of March 1, 1941, as set forth in findings 3 to 6, inclusive. This action, however, so far as concerned acting assistant surgeons, was ' not in accordance with the established and consistent policy of the Navy Department but was due to an administrative oversight, as set forth in findings 9 and 10. As a result, the Secretary of the Navy advised plaintiff that his action of March 12 advising plaintiff that he was placed on the retired list as of March 1 was “null and void.” (Findings 7 and 8).
Plaintiff contends that he was an officer of the Navy subject to retirement under the provisions of law relating to the retirement of “any officer” of the Navy. Pie further insists that when the President approved the findings of the retiring board and ordered plaintiff placed on the retired list, his retirement was a completed act, and that if an officer *787 holding a temporary appointment is entitled to retirement plaintiff is now, and has been since March 1, 1941, legally on the retired list and is entitled to retired pay.
If the actions taken by the Navy Department, the Naval Retiring Board, and the President at the instance of the Secretary of the Navy, under which plaintiff was placed on the retired list, were erroneous and not in accordance with law, the Secretary of the Navy had a right later to correct the mistake since plaintiff’s appointment was subject to the pleasure of the Secretary. See Franke B. Robbins, Executrix, v. United States, 98 C. Cls. 479. In view of the facts in this case, the provisions of law providing for temporary appointment of acting assistant surgeons, the consistent and long-continued interpretation by the Navy Department of the nonapplicability of the retirement laws to such appointments, and the provision of law enacted in 1985 specifically relating to retirement of acting assistant surgeons upon reaching the age of seventy years, we are of opinion that plaintiff was not eligible for retirement and is therefore not entitled to recover.
Section 1 of the act of May 24,1828 (4 Stat. 313), provided for appointment of assistant surgeons of the Navy only after examination and recommendation by a board of naval surgeons, and that practice has ever since been required (finding 3). Such officers hold permanent appointments. Section 1411 Rev. Stat. (sec. 6, act of March 3, 1865), provided that “The Secretary of the Navy may appoint, for temporary service, such acting assistant surgeons as the exigencies of the service may require, who shall receive the compensation of assistant surgeons.” Section 6, act of February 15, 1879 (20 Stat. 295), provided that from that date “the Secretary of the Navy shall not appoint acting assistant surgeons for temporary service,” as authorized by section 1411, R. S., “except in case of war.” The act of May 4, 1898, 30 Stat. 369, 380 (U. S. Code, Title 34, sec. 21), provided that “The President is hereby authorized to appoint for temporary service twenty-five acting assistant surgeons who shall have the relative rank and compensation of assistant surgeons.” Plaintiff was appointed under this *788 statute. By amendment of March 18,1940 (54 Stat. 54), the number of acting assistant surgeons was increased to one hundred, and, by a further amendment of March 17, 1941 (55 Stat. 43; U. S. Code, Title 34, sec. 21), it was provided “That the Secretary of the Navy may appoint in time of war or national emergency declared by the President to exist, for temporary service, such acting assistant surgeons as the exigencies of the service may require, who shall receive the compensation of assistant surgeons.”
U. S. Code, Title 34, sections 411, 415, 416, and 417 contain the provisions of law relating to the retirement of “any officer” of the Navy for incapacity incurred as a result of an incident of the service when the findings of a Navy board are approved by the President. These provisions of law have been in force for many years and have always been interpreted as applying only to commissioned officers of the regular Navy, and, so far as appears, no acting assistant surgeon holding a temporary appointment has ever before this case been examined by the Navy Betiring Board or placed on the retired list under these retirement laws.
In recognition and approval of the consistent interpretation by the Navy Department of the retirement laws as not being applicable to acting assistant surgeons temporarily appointed by either the President or the Secretary of the Navy, the Congress in the act of July 17, 1935 (49 Stat. 482; U. S. Code, Title 34, section 396a), entitled “An Act Directing the retirement of acting assistant surgeons of the United States Navy * * *”, provided that “The acting assistant surgeons of the United States Navy who, on the date of the passage of this act, have reached the age of seventy years shall be placed on the retired list of the Navy with pay at the rate of three-fourths of their active duty pay.” This act was passed to permit the retirement of two acting assistant surgeons who were more than seventy years of age and who had served in that capacity for 29 and 36 years, respectively. The reason for its enactment, as stated in the Committee Beport and on the floor of the Senate, was that the existing provisions of the retirement laws did not apply to acting assistant surgeons appointed for *789 temporary service. This would seem to negative plaintiff’s claim to retirement under other provisions of law which, we think, relate to officers of the regular Navy holding permanent commissions. Taylor v. United States, 38 C. Cls. 155, 161, 162. Compare United States v. Johnston, 124 U. S. 236; Robertson v. Downing, 127 U. S. 607, 612; United States v. Cerecedo Hermanos y Compania, 209 U. S. 337, 339.
Revised Statutes, sections 4692 and 4693; U. S. Code, Title 38, sections 151 and 152, provide for pensions for officers and enlisted men of the Army and Navy who are not receiving active-duty or retirement pay. (See section 422, U. S. Code, Title 38.) Plaintiff has been receiving a pension under these sections since July 22, 1941, in the amount of $52.50 a month to April 10, 1943, and $67.50 a month subsequently (finding 11). Section 151, U. S. Code, supra, provides that “Every person specified in the several classes enumerated in section 152 * * * who has been, since the 4th day of March 1861, or who is hereafter disabled under the conditions therein stated, shall, upon making due proof of the fact * * * be placed on the list of invalid pensioners of the United States * * Section 152, supra, provides that “The persons entitled as beneficiaries under section 151 * * * as follows: * *. (4) Acting assistant surgeon. — Any acting assistant or contract surgeon disabled by any wound or injury received or disease contracted in the line of duty while actually performing the duties of assistant surgeon or acting assistant surgeon with any military force in the field, or in transitu, or in hospital.”
We think the Secretary of the Navy was correct in his decision that plaintiff was not entitled to retirement on three-fourths of his active-duty pay, and that he properly and legally revoked the erroneous notice to plaintiff by which he was advised that he had been placed on the retired list of officers of the Navy.
The petition is therefore dismissed. It is so ordered.
Maddest, Judge; Whitaker, Judge, and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.