Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover the retired pay of a machinist in the Navy, the plaintiff having been retired as a machinist on November 23, 1908. He was paid his retired pay from the date of his retirement up to May 1, 1916, but since that date his retired pay has been withheld, and he alleges that there is now due him the sum of $10,018.90. He was notified on June 19 and July 25, 1916, by the pay officer of the New York Navy Yard, that that officer had been directed by the Navy Department to make no further payments to him. On September 1, 1916, he wrote to the Chief of the Bureau of Navigation, Navy Department, Washington, D. C., requesting to be informed why his pay had been stopped. To this letter no response was made, and on May 24, 1917, he brought this suit in this court.
The effect of this action of the Navy Department was to remove the plaintiff from his position as a retired officer of the Navy and to deprive him of his rights as such and of the emoluments guaranteed him as such retired officer without giving him an opportunity to be heard. The reasons given for this action by the Navy Department are that the plaintiff under the act of March 2, 1907, should be officially regarded as having expatriated himself; and that having so expatriated himself the plaintiff had abandoned his office as a machinist in the Navy in view of the requirement of the law and regulations that officers of the Navy must in all cases be citizens of the United States. It will be observed that these reasons and conclusions were *429 never communicated to the plaintiff, and he was given no opportunity to make answer to them.
The provision of the statute under which the Navy Department held that the plaintiff had expatriated himself is as follows:
“ Sec. 2. That any American citizen shall be deemed to have expatriated himself when he has been naturalized in any foreign State in conformity with its laws, or when he had taken an oath of allegiance to any foreign State.
“ When any naturalized citizen shall have resided for two years in the foreign State from which he came, or for five years in any other foreign State, it shall be presumed that he has ceased to be an American citizen, and the place of his general abode shall be deemed his place of residence during said years: Provided, however, That such presumption may be overcome on the presentation of satisfactory evidence to a diplomatic or consular officer of the United States, under such rules and regulations as the Department of State may prescribe: And provided also, That no American citizen shall be allowed to expatriate himself when his country is at war. (Act of Mar. 2, 1907, 34 Stat. 1228.)
The act is entitled “An act in reference to the expatriation of citizens and their protection abroad.” The purpose of the act is to relieve the Government of the obligation to protect citizens residing abroad after the limit of two or five years, when their l’esidence there is not shown to be of such a character as to warrant the presumption that they intend to return and reside in the United States. After the time limit has expired it is presumed that the citizen does not intend to return, and it is necessary, in order that he may have the protection of this Government, for him to show affirmatively that it is his bona fide intention to return to the United States to live. The essential thing under the act is the intention to return to and reside in the United States. 28 Op. Atty. Gen. 504, 508, 509. The provisions of the act are penal and are not to be extended to include any person not within its purview.
From the facts proved it appears that the plaintiff does not come within the provisions of the act. He was an officer of the United States Navy who went abroad with the permission of the Navy Department; that permission was repeatedly renewed, and while living in Switzerland under this *430 permission of the department his pay as such officer is taken from him without any reason therefor being given to him. It is true that, acting upon the opinion of a subordinate officer of the department that he had expatriated himself, his pay was stopped. But all the facts in the case were apparently not submitted to the departmet, and even if they had been we are of opinion that it was not in the province of the Navy Department, or of any of its officers, to pass upon the rights of the plaintiff and to declare that he had 'expatriated himself, and thereby to dismiss him from the Navy, and take from him his retired pay to which he was entitled under the law, and which he had earned by long-active service in the Navy. The act of March 2, 1907 was only intended to authorize the State Department to refuse to extend its protection to citizens who, having remained in a foreign country two or five years continuously, failed to satisfy the officers of the State Department that they intended to return to and reside in the United States. The act does not affect any other rights.
In the case at bar the plaintiff, when his attention was called to the fact that he had resided in Switzerland, the country of his birth, for more than two years continuously, promptly made the affidavit required of him by the consular officer. He complied with the law, although he might well have insisted that he did not come under its provisions, and having complied with it, and rebutted the presumption raised by the statute, he can not now be held to have expatriated himself. He presented satisfactory evidence to a consular officer of the United States of his intention to return to and live in the United States.
The fact that the affidavit was not sent to the Department of State has nothing to do with its force and effect, for, as far as this record shows, it was not necessary to its validity that it should be forwarded to the department. Having once made the affidavit it was not necessary under the provisions of the act to make one every two years.
The facts show that the plaintiff intended to return to the United States to live; and moreover, it is shown that the plaintiff when war was declared promptly tendered his services to his Government.
*431 The court is of opinion that the plaintiff has not expatriated himself, and is still a citizen of the United States. He is therefore entitled to all his rights as such, and is entitled to his pay as a retired officer of the Navy from May 1, 1916, up to the present time.
The defendant’s attorney has asked us to make certain findings based upon affidavits made by certain officers of the Government. These affidavits are merely ex-parte statements and are not competent evidence. The persons who made the affidavits could have been examined by the defendant. The fact that they were not leaves the court to infer that the evidence which they might have given would not have stood the test of scrutiny. At all events there is no reason to depart from a long and well-established rule.
For the reasons above given the court is of opinion that the plaintiff is entitled to recover the sum of $10,302.52. It is so ordered.
Geaham, Judge; Dowhey, Judge; Booth, Judge; and Campbell. Chief Justice, concur.