Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff sues to recover the amount of an alleged adjusted-service certificate in which she was named as beneficiary, provided for in the World War adjusted compensation act, 43 Stat. 121. She contends that the court has jurisdiction of the case as being that of a claim founded upon a law of Congress, and that there is no exclusive or any other remedy provided in the act.
*436 On the other hand, defendant insists (1) that the claim is one “ arising out of the pension laws,” and for that reason is not within the court’s jurisdiction, and (2) that the application relied upon by plaintiff was filed after the veteran’s death and there was no compliance with the adjusted compensation act.
If the claim be construed as a pension the court’s jurisdiction is expressly excluded by the organic act. Section 145, Judicial Code. But in cases of a mere gratuity granted by a statute this court has frequently granted relief. See Semple ease, 24 C. Cls. 422; Mumford case, 31 C. Cls. 210; United States v. Realty Co., 163 U. S. 427, 441. See the many “ extra pay ” cases growing out of Spanish War, 39 C. Cls. 569, based upon Hunt ease, 38 C. Cls. 704. It is to be borne in mind, however, that in no event can the court be called upon to perform executive duties or treat them as performed when they have been neglected. See McLean's case, 95 U. S. 750, 753. In this case it was said that courts can not enforce rights which are dependent for their existence upon a prior performance by an executive officer of certain duties, which he has failed to perform. See also Dunlap case, 173 U. S. 65, 70.
It is not necessary, however, to a proper decision of the case before us to decide that this court has no jurisdiction of any claim arising under the World War adjusted compensation act, because if it be conceded that plaintiff’s claim is one that this court may consider, it would yet be true that the facts present an insurmountable obstacle to any recovery. When a case properly comes here under this phase of its jurisdiction the court must apply the law to the established facts, whether these are ascertained from the evidence or are stipulated. The case becomes one against the United States, which should be considered upon its merits. See Mcdbury case, 173 U. S. 492, 500; McKnight case, 13 C. Cls. 292, 310; 98 U. S. 179; McLean case, 226 U. S. 374; Emery case, 237 U. S. 28.
In the instant case the facts are stipulated. It appears from them that the veteran died before the supposed application was forwarded to the Secretary of War. According to the stipulation he had “ completely and duly made out an *437 application addressed to the Secretary of War claiming the benefits ” of the act, which conformed to all of its requirements (“ except as to finger prints ” — whatever that phrase may mean) and was dated November 20, 1924, the plaintiff being therein .named as beneficiary. But' the veteran died on December 6, some 16 days after the application was thus made out. It was not filed or forwarded in his lifetime, nor did the veteran authorize anyone else to file or present it for filing. It was forwarded to the Secretary after his death, and was received in the Secretary’s office December 24, 1924. There is no suggestion of a wrong or an attempted wrong by anyone. It may be assumed that the application was in the veteran’s possession or among his effects when he died. At any rate it does not appear that he ever committed it to anybody as his compliance with the act, which, in section 301, requires the filing of an application claiming its benefits.
So far as the facts show, the application, though filled out as stated, was under his absolute control at the time of his death, subject to his change of the beneficiary (whom the statute, section 501, gives him the right to change), subject also to be withheld by him entirely as an application. No one could do after his death the essential thing which he had omitted to do. In the absence of some statutory extension of it, the right to file an application naming a beneficiary ceased with his death. See B. & O. Railroad v. Joy, 173 U. S. 226, 229; Martin v. B. & O. Railroad, 151 U. S. 673, 697. It is provided in section 601 for the procedure by the veteran’s dependents in case of his death, without making application under section 302. This right of his dependents can not be ignored. The act prescribes that the application shall be made (1) personally by the veteran, or (2) in case physical or mental incapacity prevents a personal application, then by such representative of the veteran and in such manner as the Secretary of War and the Secretary of the Navy shall jointly by regulation prescribe. There is some significance to be attached to this requirement that a personal application be made. It must be the veteran’s own act. The filing of it with the Secretary of War may not, in the very nature of things, at all times be *438 done “ personally ” by the veteran, but the filing must also appear to be the voluntary act of the veteran, unless he be suffering from the incapacity mentioned.
These required conditions, even if formal, must be complied with before' suit can be maintained against the United States. Rock Island, etc., R. R. case, 254 U. S. 141, 143. Thei plaintiff, suing in her own right as beneficiary under an application that in legal contemplation never became such, can not recover. See Mumford’s case, supra.
The petition should be dismissed, and it is so ordered.
Gkaham, Judge; Hat, Judge; and Booth, Judge, concur. Downet, Judge, concurs in the result.