Geaham, Judge,
delivered the opinion of the court':
Plaintiff graduated from the Naval Academy on June 3, 1910, was commissioned an ensign as of March 7, 1912, and thereafter served continuously in successive grades in the Navy until July 28, 1923, when he voluntarily resigned therefrom, being at the time a lieutenant commander. On March 3, 1927, on representations made to Congress that plaintiff had incurred disability in the line of duty, the act of March 3, 1927, set forth in petition, was passed for his relief. This act authorized the President to appoint plaintiff a lieutenant commander in the United States Navy and place him upon the retired list of the Navy with the pay and allowance of that grade, provided a duly constituted naval retiring board should find that he incurred physical disability incident to active service in line of duty, and also provided that no back pay, allowances, or emoluments should become due as a result of the passage of the act. The board examined plaintiff and filed its report on March 10, finding *455 that he was incapacitated for active duty and that his incapacity was the result of physical injury incident to active service in the line of duty. On recommendation of the Bureau of Medicine and Surgery, the President on March 16, 1927, issued the following order:
“ The proceedings and findings of the Naval Retiring Board in this case are approved, and Mr. Josiah O. Hoffman will be appointed a lieutenant commander in the Navy and placed on the retired list of the Navy with the -pay and allowances of that grade, in accordance with the provisions of TJ. S. Code, title 24, section 417 (R. S. 1458), and those of the act of March 3,1927.”
The President thereupon issued a commission to the plaintiff as lieutenant commander and he was immediately retired, and has been paid as a lieutenant commander retired since March 17, 1927. He is claiming pay from March 3, 1927, the date of the passage of the act, to his appointment. It is clear that he could only receive this appointment after an examination by the board, a favorable recommendation to the President, and action by the latter on the report. This action was not taken until March 16th and the appointment dated from the 17th, on which date he accepted the same, executed the oath of office, and was placed on the retired list. Therefore he can not recover for pay from the 3d to the 17th of March.
The plaintiff is also claiming increase in longevity pay by counting his service as midshipman at the Naval Academy from 1906 to 1912. The applicable statute is the act of June 10, 1922, 42 Stat. 627:
“For officers appointed on and after July 1, 1922, no service shall be counted for purposes of pay except active commissioned service under a Federal appointment and commissioned service in the National Guard when called out by order of the President. For officers in the service on June 30, 1922, there shall be included in the computation all service which is now counted in computing longevity pay, * *
If the plaintiff comes within the first clause of this provision, he can not recover; if he comes within the latter clause, he is entitled to the amount claimed in this action.
*456 We do not think he comes within the latter clause. See CronIN v. United States, 62 C. Cls. 20, and Guilmette v. United States, 49 C. Cls. 188. Under the authority of these cases, the plaintiff by his resignation of duty 28, 1923, surrendered whatever right he had to count his service while a midshipman, and being an officer appointed after July 1, 1922, he is only entitled under the act to count active commissioned service for longevity-pay purposes.
The petition should be dismissed, and it is so ordered.
Sinnott, Judge; Green, Judge; Moss, Judge; and Booth, Chief Justice, concur.