## LEMLY v. UNITED STATES.
### No. 47665.

Court of Claims.

Jan. 5, 1948.

M. C. Masterson, of Washington, D. C. (Ansell & Ansell and Burr Tracy Ansell, all of Washington, D. C., on the brief), for plaintiff.

John R. Franklin, of Washington, D. C., and Peyton Ford, Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

HOWELL, Judge.

Plaintiff is a Naval Reserve Officer on inactive duty and on the honorary retired list of the United States Naval Reserve. He is drawing no retirement pay and the Navy Department has denied his eligibility thereto although he alleges he incurred a disability while on active service which, though known to the Navy at the time he was released from active duty, was not revealed to him. Plaintiff claims therefore the retired pay and allowances accorded by statute to an officer in the Regular Navy of corresponding grade and rank, to which he says he is entitled under the provisions of Sec. 4 of the Naval Aviation Personnel Act of 1940, 34 U.S.C.A. § 855c—1.

The Government has demurred to the petition. The facts stated in the petition are as follows:

The plaintiff had seen service in the Navy in 1903–1908 and 1917–1919, and was on June 9, 1942, ordered to active duty as a captain, Supply Corps, United States Naval Reserve, in which capacity he served to 1944. Having attained the age of 64 years on May 12, 1944, he was placed on the honorary retired list, United States Naval Reserve, with the rank of captain on September 1, 1944, and subsequently on October 17, 1944, he was ordered to inactive duty.

Plaintiff further alleges that during active service he suffered permanent disability in the line of duty by reason of Paget's disease contacted by him at such time; that this disease was noted by medical authorities of the Navy on October 13, 1944, in the course of a physical examination for release from active duty, but said authorities did not then advise him of its discovery.

He further alleges that subsequent to his release the disease became worse, and that

he is permanently and totally disabled from engaging in any occupation.

In its demurrer, the Government has raised three questions which will be disposed of in the order in which they were presented. It is first claimed that this court is without jurisdiction because the plaintiff's claim is one for a pension which is barred by the Judicial Code.

This is a claim founded upon a law of Congress, the Naval Aviation Personnel Act of 1940.[1]

The statute mentions "pensions, compensation, retirement pay and hospital benefits." In that connection it is well to note that each of the above have a well established generally understood Congressional usage. An examination of the Acts of Congress through the years reveals that when the word "pension" was used it meant "pension" and when "retirement pay" was used it meant "retirement pay." It is evident that the Congress recognizes that each word has its own individual meaning and by such usage distinguishes between "pension," "retirement pay," "compensation," "hospital benefits," etc.

Webster's New International Dictionary, Second Edition, defines the word "pension" thus:

"To grant or pay a pension to; to dismiss or retire from service with a pension—frequently followed by 'off.'"

In other words, when a pension is paid someone, he is considered all through, his services are over, and he is pensioned "off." Furthermore, a pension is paid after the service has been performed without any regard to the actual performance of service as a gratuitous recognition of a moral or honorary obligation of the government. When a person is pensioned "off" by the government, that government no longer has any control over his services. He is actually all through serving the government and yet he receives his pension as long as he lives.

Retirement pay, on the other hand, is a continuation of active pay on a reduced basis. Even though an officer is retired from active duty and is receiving retirement pay, he is still subject to call to active duty as long as his physical condition will permit. He is still an officer in the service of his country even though on the retired list.

In the Naval Aviation Personnel Act of 1940, the Congress has exercised its constitutional authority to impose on the government a legally binding obligation to pay Reserve Officers the same retirement pay as Regular Officers who suffer death or disability in the line of duty. As such it is within the well-established jurisdiction of this court. United States v. Realty Co., 163 U.S. 427, 6 S.Ct. 1120, 41 L.Ed. 215; Pope v. United States, 323 U.S. 1, 65 S.Ct. 16, 89 L.Ed. 3; Singles v. United States, 61 Ct.Cl. 433; Campbell v. United States, 80 Ct.Cl. 836.

This court has considered claims for retirement pay over a long period of time. Cook v. United States, 101 Ct.Cl. 782; Blackett v. United States, 81 Ct.Cl. 884; Rudd v. United States, 71 Ct.Cl. 432; Hoff-

---

[1] Section 4 of the Naval Aviation Personnel Act of 1940, 54 Stat. 864, as amended, 34 U.S.C.A. § 855c—1 provides: "All officers, nurses, warrant officers, and enlisted men of the United States Naval Reserve or United States Marine Corps Reserve, who, if called or ordered into active naval or military service by the Federal Government for extended naval or military service in excess of thirty days, suffer disability or death in line of duty from disease or injury while so employed shall be deemed to have been in the active naval service during such period, and they or their beneficiaries shall be in all respects entitled to receive the same pensions, compensation, retirement pay, and hospital benefits as are now or may hereafter be provided by law or regulation for officers, warrant officers, nurses, and enlisted men of corresponding grades and length of service of the Regular Navy or Marine Corps: Provided, That if a person who is eligible for the benefits prescribed by sections 691d, 735 (1), 737, 738, 849d, 849d—1, 849f, 853e, 855c—1, 855h, 855j, 855k, and 855l of this title be also eligible for pension under the provisions of the Act of June 23, 1937, ch. 376 (50 Stat. 305), compensation from the United States Employees' Compensation Commission under the provisions of section 855c of this title or retired pay under the provision of section 855i of this title, he shall elect which benefit he shall receive: Provided further, That this section shall be effective from September 8, 1939."

man v. United States, 66 Ct.Cl. 452; Gay v. United States, 57 Ct.Cl. 424; affirmed 264 U.S. 353, 44 S.Ct. 388, 68 L.Ed. 728.

As further ground for demurrer, it is urged that this court is without jurisdiction because plaintiff's eligibility for retirement pay was a matter for exclusive determination within the Navy Department involving the discretion of the Secretary and the President and that the refusal of the Navy Department in 1946 to retire plaintiff for physical disability was proper.

Ordinarily, Naval Reserve Officers do not draw retired pay whereas Regular Naval Officers are entitled to such pay whether retired by reason of age or physical disability. We think this is important to bear in mind when considering the various statutes under which Regular Naval Officers are retired.

Rev.Stats. § 1455, 34 U.S.C.A. § 412 provides:

"No officer of the Navy shall be retired from active service, or wholly retired from the service, without a full and fair hearing before such Navy retiring board, if he shall demand it, except in cases where he may be retired by the President at his own request, or on account of age or length of service, or because of his ineligibility for promotion on account of age."

At the outset it can be conceded that this plaintiff was retired from active service *without a full and fair hearing from such Naval retiring board.*

R. S. § 1448,[2] provides that a retiring board may be ordered to consider an officer's incapacity for duty in the discretion of the President and only after the President's approval in the matter is the officer to be retired. R. S. § 1452,[3] R.S. § 1453.[4]

It is true that these sections require an incapacity at the time of release from active service. The government says the plaintiff does not allege such incapacity upon his release from active duty.

The plaintiff does allege that his affliction with Paget's disease had been incurred in line of duty while he was on active duty as an officer of the United States Naval Reserve. He further alleges that despite the official notation in his medical record of the presence of Paget's disease in plaintiff on October 13, 1944, he was released from active naval duty on October 17, 1944, without being advised of its discovery by the medical examiners on October 13, 1944.

We think these allegations are sufficient especially if the medical authorities and the Secretary of the Navy failed to disclose to plaintiff his true physical condition. This information was the very thing needed by plaintiff to set in motion the proceedings required by R.S. §§ 1448, 1455, 1452 and 1453.

The authority of the Secretary of the Navy to place plaintiff on the honorary retired list upon reaching the age of sixty-four years as well as his authority to order members from such list to active duty and release them from active duty in time of war or peace is not questioned.[5]

As we have pointed out, Reserve Officers do not draw retirement pay except in case

---

[2] R.S. § 1448, 34 U.S.C.A. § 411, provides: "Whenever any officer, on being ordered to perform the duties appropriate to his commission, reports himself unable to comply with such order, or whenever, in the judgment of the President, an officer is incapacitated to perform the duties of his office, the President, at his discretion may direct the Secretary of the Navy to refer the case of such officer to a board of not more than nine nor less than five commissioned officers, two-fifths of whom shall be members of the Medical Corps of the Navy. Said board, except the officers taken from the Medical Corps, shall be composed, as far as may be, of seniors in rank to the officer whose disability is inquired of."

[3] R.S. § 1452, 34 U.S.C.A. § 416, provides: "A record of the proceedings and decision of the board in each case shall be transmitted to the Secretary of the Navy, and shall be laid by him before the President for his approval or disapproval, or orders in the case."

[4] R.S. § 1453, 34 U.S.C.A. § 417, provides: "When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of the service, such officer shall, if said decision is approved by the President, be retired from active service with retired pay."

[5] Section 8 (b) of the Act of August 27, 1940, 54 Stat. 865, 34 U.S.C.A. § 855h, provides in pertinent part as follows: "An honorary retired list for the Naval

of disability incurred while serving on active duty. Quite naturally, unless the question of disability is involved, the Secretary's action would not require or need a review. But when the Secretary orders a Reserve Officer from active to inactive duty who is known to be suffering a service-connected disability without ordering him before a retiring board, we think the Secretary has failed to perform a duty imposed upon him by the Act of Congress for the benefit of the Naval Reserve.

The case of Denby v. Berry, 1923, 263 U.S. 29, 44 S.Ct. 74, 68 L.Ed. 148, is cited by the government for the general proposition that the Courts will not interfere when in the Secretary's discretion he orders a Reserve Officer to inactive duty without ordering him before a retiring board. In that case plaintiff endeavored to mandamus the Secretary of the Navy, without having invoked an appeal to the President to review the Secretary's order refusing to send him before a retiring board. Accordingly, the Supreme Court noted 263 U. S. at page 38, 44 S.Ct. at page 77, 68 L.Ed. 148, that:

"It would be a curious inconsistency in the procedure if the Secretary were compelled by law to order a retiring board to consider an officer's case which the President is given discretion to grant or withhold."

We think the petition to mandamus the Secretary was correctly dismissed because the plaintiff had failed to appeal to the President for a review of the Secretary's refusal to refer his case to the retiring board. He simply did not exhaust his rights under the retirement statutes.

However, in this case, plaintiff never had an opportunity to exercise any rights under these statutes because the very information upon which he could have based his original request for a hearing before a retiring board was wrongfully withheld from him.

As soon as this information came into plaintiff's possession, i. e., when it became known to him that he had suffered permanent disability in the line of duty by reason of Paget's disease incurred by him at such time, he did everything possible to bring it before the Navy medical authorities as well as the Secretary of the Navy.

In June 1946, plaintiff became unable to discharge his duties in civilian life, being forced on December 31, 1946, to wholly retire from employment. On August 21, 1946, he applied to the Secretary of the Navy for readmission to the United States Naval Hospital, Bethesda, Maryland, "for further determination of his physical fitness for retirement."

This request was denied by the Surgeon General of the Navy on August 27, 1946, on the ground that "there is no authority of law under which reserve officers may be retained in Naval hospitals after the expiration of their terminal leave."

On September 26, 1946, addressed to the Secretary of the Navy, plaintiff applied to receive retirement pay and other benefits provided for officers of corresponding grade and length of service under Sec. 4 of the Naval Aviation Personnel Act of 1940, supra. In this letter he specifically requested the Secretary to cause to be determined whether he had suffered such disability in line of duty as would entitle him to retirement pay and other benefits.

This application was denied by the Chief of Naval Personnel on October 21, 1946, on the ground that "it is no longer legally possible to change your retired status to that of retirement by reason of physical disability."

By letter of October 28, 1946, addressed to the Bureau of Naval Personnel, plaintiff requested reconsideration of the denial of his application for retirement pay and other benefits. Also by letter of October 28, 1946,

---

Reserve is hereby established and officers and enlisted men of the Naval Reserve shall be placed on this retired list of the Naval Reserve without pay or allowances, upon reaching the age of sixty-four years * * * except as otherwise provided in sections 853–853j, * * * 855–855c, * * * of this title: * * *."

Section 5 of the Act of June 25, 1938, as amended, 52 Stat. 1176, found at 34

U.S.C.A. § 853c, provides in pertinent part as follows: "Any member of the Naval Reserve, including those on the honorary retired list * * * or who may have been retired, may be ordered to active duty by the Secretary of the Navy * * *. Provided, That the Secretary of the Navy may release any member from active duty either in time of war or in time of peace."

addressed to the Chief of Naval Personnel, plaintiff requested review of his release to inactive service without pay. This request for reconsideration of the denial of his application for retirement pay and other benefits was denied on December 6, 1946, for the reason that "the only law pursuant to which the status of the above officer may be changed to that of physical disability is (34 U.S.C.A. § 350g) * * * which requires that the retirement proceedings be initiated within six months of the release to inactive duty." The reason assigned by the letter of December 9, 1946, for the denial was "You never appeared before a retiring board or board of medical survey, nor were you released to inactive duty for physical disability."

No one can deny that plaintiff did everything possible in this series of applications to bring his case before the proper authorities, only in the final instance to be denied because he had not instituted proceedings within six months of his release to inactive duty and had never appeared before a retiring board, nor was released to inactive duty for physical disability.

The provisions of the Naval Aviation Personnel Act of 1940 as well as the other retirement statutes were enacted from motives of public policy and should not be narrowly construed. Hornblass v. United States, 93 Ct.Cl. 148, 156. This case is here on demurrer, and without passing upon the merits we think the plaintiff has stated a sufficient cause of action within the jurisdiction of this court.

Defendant's demurrer will, therefore, be overruled. It is so ordered.