**Albert MULHOLLAND**

v.

**The UNITED STATES.**

**No. 172–55.**

United States Court of Claims.
July 12, 1957.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff on October 9, 1952, was in the Fleet Reserve of the United States Navy, drawing retainer pay. On that date he was also employed as a lead man outside machinist, in the Civil Service of the United States, when he received an injury in the course of his employment, for which he was entitled to Federal employees' compensation. As a condition precedent to the payment to him of such compensation, he was required to sign a waiver of his Navy retainer pay. He sues for the amount thereof accruing to him between October 9, 1952 and March 18, 1953.

Defendant's answer admits the material allegations of fact of plaintiff's petition.

Plaintiff moves for summary judgment. We think his motion should be granted.

The asserted ground for the requirement of the waiver of his right to Federal employees' compensation was section 7 of the Federal Employees' Compensation Act, as amended, which is to be found in section 757 of Title 5 U.S. C.A. reading in part as follows:

"That as long as the employee is in receipt of compensation under this Act * * * he shall not receive from the United States any salary, pay, or remuneration whatsoever except in return for services actually performed, and except pensions for service in the Army or Navy of the United States. * * *"

The Federal Employees' Compensation Act was passed September 7, 1916, 39 Stat. 742, 743. The Naval Reserve Act of 1938 was passed June 25, 1938. It provides in section 4, 52 Stat. 1175, 1176:

"* * * And provided further, That no existing law shall be construed to prevent any member of the Naval Reserve from accepting em-

Mr. Fred W. Shields, Washington, D. C., for plaintiff. Mr. Calvin H. Childress, Washington, D. C., was on the briefs.

Miss Frances L. Nunn, Washington, D. C., with whom was Mr. Assistant Atty. Gen., George Cochran Doub, for defendant.

ployment in any civil branch of the public service nor from receiving the pay and allowances incident to such employment in addition to any pay and allowances to which he may be entitled under the provisions of this Act, nor as prohibiting him from practicing his civilian profession or occupation before or in connection with any department of the Federal Government."

■ The compensation paid plaintiff was an allowance incident to his civilian employment. Had he not been civilly employed by the Government, he would not have been entitled to compensation under the Federal Employees' Compensation Act. The receipt of such compensation is an "incident" of his civilian employment. It was "an allowance" to which he was entitled on account of such employment. The receipt of benefits under this Act was one of the emoluments of his civilian employment. It would seem, therefore, that he was entitled to it under the provisions of section 4 of the Naval Reserve Act, which provided:

"* * * That no existing law shall be construed to prevent any member of the Naval Reserve * * * from receiving the pay and allowances incident to such employment in addition to any pay and allowances to which he may be entitled under the provisions of this Act * * *."

It is true that the rights given under the Federal Employees' Compensation Act are in lieu of the employee's right of action for a tort. But a person's right to compensation under the Act is not limited to those who would be entitled to recover in an action of tort. Recovery may be had under the Federal Employees' Compensation Act when no action in tort would lie. But even though an action in tort would lie, nevertheless the benefits to which an employee is entitled under the Act flow out of and are incident to his employment.

For this reason it would seem that he is entitled to the benefits of the Act

notwithstanding the fact that he is receiving retainer pay as a member of the Naval Reserve.

■ In addition, section 7 of the Federal Employees' Compensation Act does not prohibit the receipt of benefits under that Act to one who is receiving "salary, pay, or remuneration" "in return for services actually performed." A person in the Fleet Reserve receives retainer pay. The word "retainer" indicates, to some extent, the basis for the payment of retainer pay. It is paid to a member of the Reserve partly in return for his holding himself in readiness to render service in time of need for as much as two months out of every year in peacetime, and for unlimited service in national emergency. Compensation paid to a person for standby time is compensation for services rendered.

It is true that retainer pay is based in part on services previously rendered, but how much is paid for one and how much for another cannot be determined. To say the least, it is paid in part in return for the member's holding himself in readiness to render service when called upon. To this extent, it is paid "in return for services actually performed." As such, it does not come within the prohibition of section 7 of the Federal Employees' Compensation Act.

For one or both reasons, we are of the opinion plaintiff is entitled to recover the retainer pay withheld from him, and judgment is entered to that effect.

Defendant's motion is denied. Plaintiff's motion for summary judgment is granted. Plaintiff is entitled to recover and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.