JoNes, Chief Judge,
delivered the opinion of the court:
Plaintiff, a Naval Reserve officer retired on January 1, 1953, for age and length of service under the provisions of the Act of June 29, 1948, 62 Stat. 1081,1087, sues to recover the retirement pay to which he is entitled under that statute. At that time he was, and is now receiving disability compensation for injuries sustained while working as a civilian employee of the Government. Plaintiff alleges that retirement pay was improperly withheld under an erroneous application of the provision against receipt of Federal compensation and at the same time other remuneration, except for services actually rendered. The provision referred to is found in section 7 of the Federal Employees’ Compensation Act of 1916, 39 Stat. 742, 743, 5 U.S.C. 757 (1952 Ed.).
In 1949 the plaintiff, who was then employed as a pilot by the Panama Canal, sustained injuries which resulted in his being placed on disability compensation under the provisions of the Federal Employees’ Compensation Act of 1916, supra. At that time plaintiff was a commissioned.officer in the United States Naval Reserve. Despite his disability he continued to fulfill his duties in the Reserve until January 1, 1953, when he was transferred to the Naval Reserve Retired List with the rank of lieutenant commander pursuant to the provisions of Title III of the Act of June 29, 1948, supra.
When plaintiff made application for retired pay under the 1948 act he was advised by the Navy Department that he could not receive such retired pay in addition to his Federal employee’s disability compensation and, accordingly, plaintiff elected to continue to receive the latter compensation which was greater in amount than his Naval Reserve retired pay.
Section 7 of the Federal Employees’ Compensation Act of 1916 contains a prohibition against the receipt of the compensation provided for in that act in addition to certain other types of Federal compensation as follows:
*502 That as long as the employee is in receipt of compensation under this Act, * * * he shall not receive from the United States any salary, pay, or remuneration whatsoever except in return for services actually performed, and except pensions for service in the Army or Navy of the United States.
Plaintiff does not insist that Naval Reserve retirement pay under the 1948 act was “pay * * * in return for services actually performed,” and thus exempt from the prohibition expressed in section 7 of the 1916 act quoted above. Plaintiff urges, however, that under section 1(b) of the Act of July 1, 1947, 61 Stat. 238, 239, as amended by the Act of July 9, 1952, 66 Stat. 481, 10 U.S.C. 371 (b) ,[1] he is entitled to receive his Naval Reserve retirement pay in addition to his civilian Government disability compensation.
Section 371 (b) of Title 10 of the United States Code provides in pertinent part as follows:
No existing law shall be construed to prevent any member of the reserve components of the Armed Forces from accepting employment in any civil branch of the public service nor from receiving the pay incident to such employment in addition to any pay and allowances to which he may be entitled under the laws relating to the reserve components of the Armed Forces, * * *
It is plaintiff’s position that his Federal civilian disability compensation under the 1916 act is “pay incident to such [civilian] employment” within the meaning of section 371(b) quoted above. Defendant contends that the disability compensation is not the sort of “pay” referred to in the 1947 act, as amended.
Both parties rely on the decision of this court in Mulholland v. United States, 139 C. Cls. 507. In that case the court held that the plaintiff, a member of the Fleet Reserve entitled to retainer pay, should have been paid that retainer pay in addition to his civilian Government disability compensation because of the exempting language in section 4 of the Naval *503 Reserve Act of 1938, 52 Stat. 1175, 1176. That section provides in pertinent part as follows:
That no existing law shall be construed to prevent any member of the Naval Reserve * * * from receiving the pay and allowances incident to such [civilian] employment in addition to any pay and allowances to which he may be entitled under the provisions of this Act, * * *
As will be noted from a comparison of the language of section 4 of the 1938 Naval Reserve Act with section 371(b) of Title 10 of the United States Code (section 1 (b) of the 1947 act, as amended), the two sections are nearly identical except for the fact that the 1938 act speaks of “pay and allowances incident to such [civilian] employment” [italics supplied], whereas the 1947 act, as amended, speaks of the “pay incident to such [civilian] employment,” making no mention of “allowances.”
Defendant relies primarily on this difference and contends that the disability compensation which plaintiff was receiving under the 1916 act was not “pay incident to such [civilian] employment” but was rather an “allowance”, and. that while such an “allowance” might be covered by the language of section 4 of the 1938 Naval Reserve Act as the court held in the Mulholland case, sufra, no sort of “allowance” is covered by section 1 (b) of the 1947 act, as amended, (10 U.S.C. 371(b) ).
It is true, as pointed out by defendant, that in the Mul-hoTland case the court stated that the disability compensation received by the plaintiff therein in connection with his civilian Government employment was an “allowance incident to such employment” and as such came within the terms of section 4 of the 1938 Naval Reserve Act. However, in that case the court was not concerned with the distinction between the terms “pay” and “allowance” since both terms were used in the 1938 act in connection with civilian Government compensation.
In the instant case the possible distinction between the two terms has become an issue. We are of the opinion that the defendant’s interpretation of the expression “pay incident to such [civilian] employment” used in section 1(b) of the 1947 act as amended, as including only pay for active civilian *504 Government service, is unduly restrictive and technical and is not warranted by the language of the act nor by this court’s comments in the Mulholland case.
The term “allowances” used in military pay statutes has a meaning quite distinct from the term “pay”, and usually relates to compensation which is in addition to basic pay, such as compensation (allowance) for travel, for quarters and subsistence, for dependents, etc. We are of the opinion that disability compensation under the Federal Employees’ Compensation Act of 1916 is no more an “allowance” than is the retirement compensation of civilian employees of the Federal Government whether it is for length of service or for disability. Disability compensation is not in addition to basic pay. While it is not given for present services, entitlement depends on the disability having been incurred in the course of prior services. It flows directly from that service. It is pay for disabling injuries received while actually rendering service and is part and parcel of that service. We think that such compensation is not an allowance blit is “pay incident to such [civilian] employment” within the meaning of section 1(b) of the 1947 act, as amended (10 U.S.C. 371(b)).
Additional light is thrown on this issue by section 305 of the Act of June 29,1948, supra, under which plaintiff became entitled to receive his Naval Reserve retirement pay. That section provides in pertinent part as follows:
No period of service otherwise creditable in determining the eligibility of any person to receive, or the amount of, any annuity, pension, or old-age benefit payable under any provision of law on account of civilian employment, in the Federal Government * * * shall be excluded in such determination because such period of service may be included, in whole or in part, in determining the eligibility of such person to receive, or the amount of, any retired pay payable under this title.
When section 305 of the 1948 act was introduced in the House of Representatives, it provided that time used in computing length of service for military retired pay purposes could not be used in computing the time required for eligibility for civilian Government retired pay. This restriction was not acceptable to the Senate and it was changed to per *505 mit the same periods of time to be counted for both types of retirement'. In explanation of this amendment, which was ultimately incorporated into the law as enacted, Chairman Chan Gurney made the following statement in the course of the hearings before the Senate Committee on Armed Services, 80th Cong. 2d Sess. (H.E. 2744), at page 76:
The purpose of that amendment is to make sure that a Federal employee who has worked as a civilian all his ■life and starts to retire at age 60, and who might simultaneously also qualify for a Eeserve retirement, would be entitled to both his civilian and Eeserve retirement.
From the above it is clear that Congress in 1948 intended that Eeserve officers who became entitled to retirement pay for length of military service should be allowed to keep- in addition thereto any civilian Government retirement pay to which they might become entitled.
We do not think that Congress intended to draw the line at civilian Government disability retirement pay.[2] Disability compensation under the Federal Employees’ Compensation Act of 1916, as amended, is substantially the same as disability retirement pay, particularly where, as here, the disability is determined tó be permanent and the compensation will continue for the life of the recipient.
We conclude that the disability compensation which plaintiff received for permanent disability incurred in his civilian Government employment was “pay incident to such [civilian] employment” within the meaning of section 1(b) of the 1947 act, as amended (10- U.S.C. 371(b)), and that he may therefore recover the Eeserve -officer retired pay to which he became entitled on January 1,1953, from that date to the date of judgment herein.
■ Defendant’s motion for summary judgment is denied. Plaintiff’s motion for summary judgment is granted and *506 judgment will be entered to that effect. The amount of recovery will be determined pursuant to Eule 38 (c).
It is so ordered.
Lahamore, Judge; MaddeN, Judge, and Whitaker, Judge, concur.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on September 4, 1950, that judgment for the plaintiff be entered for $13,838.49.

 The 1952 amendment to the 1947 act extended the coverage of the basic act to services other than the Army and Air Force and included in such extended coverage the Navy. Prior to such amendment the exemption contained in section 1(b) of the 1947 act was not available to naval officers except where such officers were drawing retired pay under the terms of the Naval Reserve Act of 1938, 52 Stat. 1176. See Tanner v. United States, 129 C. Cls. 792, cert. den. 350 U.S. 842.

 Civilian employees of the Federal Government who are disabled -through disease or injury during the course of their employment may become eligible for disability retirement with pay under the provisions of the Act of July 3, 1926, as amended, 5 U.S.C. 710 (as renumbered-in 1956, 5 U.S.C. 2257), after five years of civilian Government service, or for disability compensation under the Federal Employees’ Compensation Act of 1916, as amended, with less than five years’ service. Under 5 U.S.C. 714 (renumbered in 1956, 5- U.S.C. 2257 (f)) a civilian employee who qualifies under both laws may elect to take whichever amount is greater.