Anthony D'ALESSIO, Petitioner,

v.

John M. LEHMAN, District Director of Immigration and Naturalization Service, Cleveland, Ohio.

No. 34600.

United States District Court
N. D. Ohio, E. D.

Feb. 24, 1960.

Frank E. Steel, Akron, Ohio, John J. Kane, Jr., Cleveland, Ohio, for plaintiff.

Russell E. Ake, U. S. Dist. Atty., Cleveland, Ohio, for defendant.

McNAMEE, District Judge.

This case is unusual in that Petitioner, who has been ordered deported, has resided in this country continuously for 27 years in the belief that he was at all times a citizen of the United States. The military authorities of the United States apparently were of the same opinion at the time Petitioner was inducted into the Armed Forces of the United States during the last World War. It appears also that the various employers of Petitioner considered him to be a citizen of this country. Petitioner's presumed status as a citizen was based upon the literal language of R.S. § 1993, which was in effect at the time of Petitioner's birth in 1922, but, as will hereinafter be shown, the construction of the above statute in Weedin v. Chin Bow, 1927, 274 U.S. 657, 47 S.Ct. 772, 71 L.Ed. 1284, as applied to the facts of this case, demonstrates that Petitioner at the time of his entry into this country was an alien. The question presented is whether Petitioner is still an alien and subject to deportation.

On February 16, 1957, after proper hearing, Petitioner was ordered deported by the District Director of the Immigration and Naturalization Service at Cleveland, Ohio. Petitioner appealed the decision of the District Director and on November 20, 1957 the Board of Immigration Appeals denied the appeal. In his petition in this Court the Petitioner

claims that he is an American citizen and that the order of deportation is a nullity. The facts which are not in dispute are:

Petitioner's grandfather, Antonio D'Alessio, was naturalized as a citizen of the United States on July 1, 1899. By virtue of the provisions of R.S. § 1993, the Petitioner's father, Francesco D'Alessio, became a citizen of this country at the time of his birth in Italy on May 29, 1900. The Petitioner's mother became a citizen at the time of her marriage on May 15, 1921 to Francesco D'Alessio. See R.S. § 1994. Petitioner was born in Italy on June 10, 1922. The father came to this country on September 6, 1923. Petitioner entered this country with his mother on November 17, 1929, at which time he was admitted for permanent residence as a non-quota immigrant. The mother was issued a United States passport at Naples, Italy. Petitioner has remained in this country continuously since his entry in 1929. In June 1942 he registered for Selective Service and in April 1943 was inducted into the Army. He was dishonorably discharged from the military service in August 1946. Petitioner was convicted of the crime of burglary on January 8, 1952, but execution of sentence was suspended and he was placed on probation. Again, on March 3, 1955, he was convicted of burglary and sentenced to imprisonment under Ohio law for an indeterminate term of from one to five years.

There is no doubt that if Petitioner is an alien he is subject to deportation under Section 1251(a) (4), Title 8 U.S.C.A. The controlling statute on the issue of citizenship is Title 8, Section 6 U.S.C., derived from R.S. § 1993,[1] which in pertinent part read:

"All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States; *but the rights of citizenship shall not descend to children whose fathers never resided in the United States.*" (Emphasis supplied.)

In Weedin v. Chin Bow, supra, the Supreme Court construed the provisions of R.S. § 1993 and distinguished between descent of property which occurs at or after the death of an ancestor and the descent of citizenship which occurs at the birth of the child, saying—

"The transmission of the right of citizenship is not at the death of the ancestor but at the birth of the child, * * *." 274 U.S. at page 675, 47 S.Ct. at page 779.

The Court also construed the phrase "whose · fathers never resided in the United States" to mean whose fathers never resided in the United States *before* the birth of the child. Accordingly the Court held that under R.S. § 1993, "Citizenship attaches only when the father has resided in the United States before the birth of the child."

■ As shown by the admitted facts, Petitioner's father did not reside in the United States until more than a year after Petitioner's birth in Italy. Therefore, under R.S. § 1993, as construed by the Supreme Court, Petitioner did not acquire the rights of citizenship by descent.

Petitioner seeks to avoid the effect of Weedin v. Chin Bow, supra, by reliance upon Title 8, Sec. 7 U.S.C. and Title 8, Sec. 8 U.S.C.[2] Section 7 reads:

"*Citizenship of children of persons naturalized under certain laws.* The children of persons who have been duly naturalized under any law of the United States, or who, previous to the passing of any law on that subject, by the Government of the United States, may have become citizens of any one of the States, under the laws thereof, being under the age of twenty-one years at the time of the naturalization of their parents, shall, if dwelling in the

---

1. Now 8 U.S.C.A. § 1431.

2. Now 8 U.S.C.A. § 1432.

United States, be considered as citizens thereof; *and the children of persons who now are, or have been, citizens of the United States, shall, though born out of the limits and jurisdiction of the United States be considered as citizens thereof."* (Emphasis supplied.)

Petitioner relies upon the underscored language as endowing him with the rights of citizenship. The Government contends, however, that the underscored language, which derives from the April 14, 1802 Act, refers to a child born abroad of parents who were citizens of the United States on or before April 14, 1802. The Government's position is supported by expressions of the Supreme Court in Weedin v. Chin Bow, supra, and United States v. Wong Kim Ark, 169 U.S. 649, 18 S.Ct. 456, 42 L.Ed. 890, as well as by Congressional action in 1855. In both of the cited cases reference is made to an article written by Horace Binney and published in 1853, in which the author noted that under the provision of the Act of April 14, 1802 (which is identical with the italicized language of Section 7 above) children born abroad of parents who became American citizens after April 14, 1802 were aliens. In Wong Kim Ark, supra, Mr. Justice Gray, speaking of the provisions of the Act of 1802, said:

"But the provision concerning foreign-born children, being expressly limited to the children of persons who then were or had been citizens, clearly did not include foreign-born children of any person who became a citizen since its enactment. 2 Kent Comm. 52, 53; Binney, Alienigenæ, 20, 25; 2 Am.Law Reg. 203, 205. Mr. Binney's paper, as he states in his preface, was printed by him in the hope that congress might supply this defect in our law." 169 U.S. at page 673, 18 S.Ct. at page 466.

In Weedin v. Chin Bow, Chief Justice Taft said:

"Mr. Binney demonstrates that, under the law then existing, the children of citizens of the United States born abroad, and whose parents were not citizens of the United States on or before the 14th of April, 1802, were aliens, because the Act of 1802 only applied to such parents, and because, under the common law which applied in this country, the children of citizens born abroad were not citizens, but were aliens." 274 U.S. at page 663, 47 S.Ct. at page 774.

In response to Mr. Binney's suggestion, Congress, on April 10, 1855, enacted R.S. § 1993, which conferred the right of citizenship upon children born abroad "whose fathers were or shall be at the time of their birth citizens of the United States." The language of Section 7 here in question was incorporated in R.S. § 2172 in 1878. Section 7, like its predecessor, relates only to the right of children of naturalized parents and the underscored language must be construed as referring to children born abroad whose parents were citizens at or prior to the adoption of the Act of 1802 or the adoption of R.S. § 2172. Obviously the parents of Petitioner were not citizens at either of the times indicated above and Petitioner acquired no right of citizenship under the language of Section 7, upon which he relies.

Section 8, Title 8, reads:

"A child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of or resumption of American citizenship by the parent, where such naturalization or resumption takes place during the minority of such child. The citizenship of such minor child shall begin at the time such minor child begins to reside permanently in the United States."

This section is of no aid to the Petitioner. He was not born of alien parents. At the time of his birth both his father and mother were citizens of the United States. Nor was there any naturalization or resumption of citizenship by ei-

348

ther parent. Petitioner contends, however, that by reason of her continued residence in Italy for 8 years after she became a citizen a presumption arose that his mother ceased to be an American citizen and presumably resumed her citizenship after her re-entry into this country in 1929. Section 3, Chapter 2534, U.S.Stat. at Large, effective March 2, 1907, provides in effect that a woman who becomes a citizen by virtue of her marriage, residing continuously outside the United States for 5 years, is subject to the same presumption as a naturalized citizen. The presumption referred to is set forth in Title 8, Sec. 17,[3] which, in pertinent part, reads:

"When any naturalized citizen shall have resided for two years in the foreign State from which he came, or for five years in any other foreign State it shall be presumed that he has ceased to be an American citizen, and the place of his general abode shall be deemed his place of residence during said year. Such presumption may be overcome on the presentation of satisfactory evidence to a diplomatic or consular officer of the United States, under such rules and regulations as the Department of State may prescribe."

It was held in Gay v. United States, 57 Ct.Cl. 424 that the purpose of the last quoted section is to authorize the State Department to refuse to extend the protection of the United States Government to naturalized citizens who have remained in foreign countries for five years continuously and fail to satisfy the officers of the State Department that they intend to return to and reside in the United States. The decision of the Court of Claims was affirmed by the Supreme Court in United States v. Gay, 264 U.S. 353, 44 S.Ct. 388, 389, 68 L.Ed. 728. In the latter case the Supreme Court made the following statements in respect of the presumption:

" * * * and * * * it is a presumption easy to preclude and easy to overcome. It is a matter of option and intention."

As shown by the evidence, Petitioner's mother traveled from Italy to this country on a United States passport. It would appear, therefore, that at the time of her departure from Italy in 1929 the mother was able to satisfy the State Department officials that she had not ceased to be an American citizen and was entitled to the protection of the United States Government. Petitioner's claim that his mother lost her citizenship is not supported by the facts. Even if the contrary were true, there is no evidence tending to show any act of the mother after her entry into this country indicating a resumption of citizenship. Prior to her entry in 1929 she had never resided in this country. If she lost her citizenship while residing in a foreign country it would seem that in order to resume it she would be required to be naturalized or at least take an oath of allegiance before a court of competent jurisdiction. The record discloses no evidence of either of the above procedures. Upon the record made at the hearing it must be held that Petitioner is an alien and by reason of his commission of two separate crimes is deportable under Section 1251(a)(4), Title 8 U.S.C.A.

Petition is dismissed.

3. Now 8 U.S.C.A. § 1484(a).