**Mary Laws STEELMAN, Executrix of the Estate of Charlie Steelman**

v.

**The UNITED STATES.**

No. 24–60.

United States Court of Claims.
June 7, 1963.

Francis P. Noonan, Washington, D. C., for plaintiff.

Arthur E. Fay, Washington, D. C., with whom was John W. Douglas, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and WHITAKER, LARAMORE, DURFEE and DAVIS, Judges.

LARAMORE, Judge.

Plaintiff, as executrix of the estate of Charlie Steelman, sues to recover retired pay alleged to have been due decedent as a retired enlisted man of the Regular Navy [1] for the period beginning

---

1. Although plaintiff's petition does not disclose the statute under which plaintiff's decedent was retired, section 24 of the Act of February 28, 1925, 43 Stat. 1081, 1087, was the only existing statutory authority for regular retirement of Regular Navy enlisted men after 30 years of active and inactive service. We are

734

February 27, 1951. His Navy retired pay was discontinued on that date because he then began receiving disability compensation under the Federal Employees' Compensation Act, as amended, 5 U.S.C. § 757.

Plaintiff has filed a motion for summary judgment.[2] Defendant has opposed plaintiff's motion and moves the court for an order granting judgment on the pleadings for defendant, dismissing the petition herein.

The sole question presented is whether a Regular Navy retired enlisted man entitled to receive retired pay can receive disability compensation under the Federal Employees' Compensation Act, supra, in addition thereto.

The material facts as disclosed by the pleadings are as follows: Plaintiff enlisted in the Regular Navy on February 27, 1908. On July 7, 1922, he was transferred to the Fleet Naval Reserve and drew retainer pay until December 1, 1937, at which time he was placed on the retired list of the Regular Navy, with retired pay. He thereafter was recalled to active duty with active duty pay, and was returned to an inactive status on the retired list of the Regular Navy on October 30, 1944, with retired pay.

Plaintiff was employed by the Internal Revenue Service, following his return to the Regular Navy retired list, and drew his retired pay and current civilian pay until February 27, 1951. Plaintiff was injured in the course of his civilian employment on July 28, 1950. Beginning on February 27, 1951, he was paid disability compensation under the Federal Employees' Compensation Act, in lieu of his retired pay as a Regular Navy retired enlisted man, pursuant to his election. His claims filed with the Comptroller General in 1955 and 1959 for retired pay, in addition to his disability compensation, were denied. Plaintiff then filed his petition in this court on January 20, 1960, claiming that he was entitled to receive both his disability compensation and his Regular Navy retired pay under the provisions of the Naval Reserve Act of 1938, infra.

It is defendant's position that the Federal Employees' Compensation Act of 1916, as amended, supra, precludes any recovery by plaintiff. Section 7 of the Federal Employees' Compensation Act, supra, provides that an employee who is in receipt of compensation under the provisions thereof " * * * shall not receive from the United States any salary, pay, or remuneration whatsoever except in return for services actually performed, and except pensions for service in the Army or Navy of the United States: * * *."

We can find no escape from the provisions of section 7 above. Retired pay is not a pension for service in the Army or Navy of the United States. Lemly v. United States, 75 F.Supp. 248, 109 Ct. Cl. 760. Neither in our opinion is such retired pay "salary, pay or remuneration * * * in return for services actually performed," within the meaning of section 7, supra.

Plaintiff contends that the issue presented in the case at bar was before this court in the cases of Mulholland v. United States, 153 F.Supp. 462, 139 Ct. Cl. 507 and Tawes v. United States, 146 Ct.Cl. 500. However, the cited cases are inapposite. In the Mulholland case, plaintiff was a member of the Fleet Reserve and drawing retainer pay at the time he became eligible for disability compensation under the Federal Employees' Compensation Act, supra. In other words, he was drawing pay for services actually being performed; i.e., holding himself in readiness for recall

not told of any statute authorizing retirement for reservists with 30 years of active and inactive service at that time, and we know of none. Thus plaintiff's decedent necessarily must have been retired as an enlisted man of the Regular Navy.

2. Technically plaintiff's motion is a motion for judgment on the pleadings inasmuch as no material outside the pleadings is incorporated in support of said motion.

to active duty. As such, the court held him to be exempted from the provisions of section 7, supra.

In the Tawes case, supra, plaintiff was seeking retired pay as a retired Naval Reserve Officer together with disability compensation. The court therein held, citing this court's opinion in Tanner v. United States, 125 F.Supp. 240, 129 Ct.Cl. 792, cert. denied 350 U.S. 842, 76 S.Ct. 83, 100 L.Ed. 751, that plaintiff's disability compensation was "pay incident to such [civilian] employment" within the meaning of section 1 (b) of the Act of July 1, 1947, as amended, 10 U.S.C. 371(b),* and that therefore plaintiff was entitled to receive both disability compensation and pay and allowances under the law relating to the Reserve components of the Armed Forces. Plaintiff does not mention this Act in his petition but does so in his brief. However, at the time plaintiff was placed on the retired list section 1(b) of the 1947 Act, supra, had not been passed by Congress. Furthermore, it was not until the amendment of 1952, supra, that the Navy was included, which amendment also only applied to the Reserve components of the Armed Forces. Plaintiff being a Regular could not come within the provisions of that Act.

Thus the court has permitted drawing of both disability compensation pay and retainer pay as a Fleet Reservist and/or a member retired under the laws relating to Reservists.

For this court now to extend its holding to include Regular Navy retired pay would be to effectively read the prohibition of section 7 of the Federal Employees' Compensation Act, supra, completely out of the statute. As stated by the Comptroller General in his decision denying plaintiff's claim " * * * the Congress must have intended the prohibition in section 7, supra, to apply in some manner. If it were to be held that retainer pay or retired pay is for services actually performed, or that re-tired pay is in the nature of a military pension, so as to bring such payments within the exception to the prohibition stated in section 7 of the Federal Employees' Compensation Act, thereby authorizing dual payments of disability compensation and retainer or retired pay to the same person for the same period of time, there would appear to be no cases to which the prohibitory provisions of the statute could apply."

Since plaintiff was retired and drawing retired pay as a Regular enlisted man of the Regular Navy, section 4 of the Naval Reserve Act of 1938 (52 Stat. 1175, 1176), upon which plaintiff relies in his petition, has no application in this case. Section 4 provides in pertinent part:

"*And provided further*, That no existing law shall be construed to prevent any member of the Naval Reserve from accepting employment in any civil branch of the public service nor from receiving the pay and allowances incident to such employment in addition to any pay and allowances to which he may be entitled under the provisions of this Act, nor as prohibiting him from practicing his civilian profession or occupation before or in connection with any department of the Federal Government."

For the same reason, Title III of the Act of June 29, 1948, 62 Stat. 1081, referred to in plaintiff's brief but not in his petition, which applies to Reserve retirement, has no application in this case.

For this court to hold that the exception contained in section 7 applies to Regulars retired with 30 years of service would be to usurp a function of Congress. Consequently, plaintiff is barred under section 7, *supra*, from recovering both the retired pay as a Regular with 30 years of service and disability compensation under the Federal Employees' Compensation Act, *supra*.

Plaintiff's motion for judgment on the pleadings, filed as a motion for summary

* Now 5 U.S.C.A. § 30r.

judgment, is denied and defendant's similar motion is granted. Plaintiff's petition is dismissed.

WHITAKER, Judge (dissenting).

I am concerned about the decision in this case.

In section 7 of the Federal Employees' Compensation Act of 1916, Congress said that an employee drawing compensation under the Act " * * * shall not receive from the United States any salary, pay, or remuneration whatsoever except in return for services actually performed, and except pensions * * *." The majority opinion says that a man may receive compensation for services being performed at the same time as he is receiving compensation, and he may receive a pension at the same time he is receiving compensation, but it says that he cannot receive retired pay and compensation at the same time. Why Congress should have permitted a man to receive a pension, and denied him the right to receive retired pay, I do not know. In Lemly v. United States, 109 Ct.Cl. 760, 75 F.Supp. 248, cited in the majority opinion, we held that retired pay is not a pension, but if it is not a pension, then it seems to me to necessarily follow that it must be pay on account of "services actually performed." It is true those services were not being performed while he was receiving compensation, but section 7 does not require that the services be performed while receiving compensation. It merely says "except for services actually performed." I cannot escape the conclusion that retired pay is for services actually performed.

I cannot ascribe to Congress an intention to allow a person to draw a pension and to deprive him of retired pay.

In the Lemly case, 109 Ct.Cl. at page 763, 75 F.Supp. at page 249, it was said:

"Retirement pay, on the other hand, is a continuation of active pay on a reduced basis. Even though an officer is retired from active duty and is receiving retirement pay, he is still subject to call to active duty as long as his physical condition will permit. He is still an officer in the service of his country even though on the retired list."

Moreover, in Mulholland v. United States, 139 Ct.Cl. 507, 153 F.Supp. 462, also cited in the majority opinion, we held that an enlisted man in the Naval Reserve drawing retainer pay came within the exception of "services actually performed." We said that the retainer pay was partly for holding himself in readiness to perform active service when called upon, and partly in return for services previously rendered. Since we said it was partly for holding himself in readiness to render active service when called upon, we said it came within the exception of "services actually performed."

Now, 34 U.S.C. § 433 ** provides:

"The Secretary of the Navy is authorized in time of war, or when a national emergency exists, to call any enlisted man on the retired list into active service for such duty as he may be able to perform. While so employed such enlisted men shall receive the pay and allowances authorized by section 115 of Title 37." [March 3, 1915, ch. 83, 38 Stat. 941; Aug. 29, 1916, ch. 417, 39 Stat. 591.]

Plaintiff was recalled to duty on March 26, 1942, during World War II. He was subject to such recall by virtue of the provisions of the above quoted section. Therefore, a part of the consideration for the payment to him of retired pay was this obligation to render further naval service when called upon in time of war. It would seem, therefore, that a man drawing retired pay and a man drawing retainer pay are in practically the same category.

It would seem to me that the decision of the majority is in conflict with that part of the decision in the Mulholland case which bases the plaintiff's right to recover on the ground that the payment of retainer pay was in part considera-

** Now 10 U.S.C.A. § 6482.

tion of the man's holding himself in readiness to return to active duty when called upon.

I confess that if we construe the exception to apply not only to pay received for services performed at the time the compensation is being paid, and also to pensions, and also to retired pay, then it is not apparent to what the exception does apply. And, yet, on the other hand, if we say it does not apply to retired pay, then we run in conflict with the Mulholland case, and we run in conflict with the above quotation from the Lemly case.

JONES, Chief Judge, joins in the foregoing dissent.