**AMARILLO AIR FORCE BASE EXCHANGE et al.**

v.

**Gerald B. LEAVEY et al.**

**Civ. A. No. 2-63-75.**

United States District Court
N. D. Texas,
Amarillo Division.

June 30, 1964.

John Teed, Royston, Rayzor & Cook, Houston, Tex. (E. D. Vickery, Houston, Tex., and Harlow Sprouse, Underwood, Wilson, Sutton, Heare, & Berry, Amarillo, Tex., on brief), for plaintiffs.

Charles Donahue, Solicitor, United States Department of Labor, Washington, D. C., Barefoot Sanders, U. S. Atty., Fort Worth, Tex., for defendants.

DOOLEY, District Judge.

Airman Joseph P. Calandre enlisted in the United States Air Force on June 19, 1961, and thereafter was on active duty during all of the time related to this lawsuit. On March 29, 1962, he commenced doing some work in his off duty hours at the Base Post Exchange on the Amarillo Air Force Base. Some three weeks later, while working as a part time bus boy at the Base Exchange and using a meat slicer, he severed the tips of two fingers on his left hand. He was taken to the Base Hospital, where, at Government expense, he had hospitalization and medical treatment for his injuries. The injuries were healed right well, but with some residual disability, in the course of a few weeks and he returned to active duty as an airman. The Post Exchange at the base was operated

as a nonappropriated fund instrumentality of the Government. The manager or director of the Exchange had previously procured compensation insurance coverage for the civilian employees at the Base Exchange and this was effected by a policy of such insurance issued by the Employers Mutual Liability Insurance Company of Wisconsin, pursuant to the provisions of Title 5, §§ 150k and 150k–1 of the United States Code. A sheet of instructions, relating to the policy, has an entry on it, to-wit:

"The premium for Workmen's Compensation Insurance, Section D, is based on the entire remuneration earned during the period covered by this report, by all employees covered hereunder, excluding military personnel."

Calandre filed a claim under said policy for compensation payments due to the injury and disability he had sustained and an award was made to him by a Deputy Commissioner of the United States Department of Labor, Bureau of Employees Compensation, i. e. Gerald B. Leavey, Deputy Commissioner for the Eighth Compensation District of the United States Department of Labor. This suit was filed by the insurance carrier as an appeal from said award under the provisions of Title 33, § 921 of the United States Code.

The airman was not within the coverage of the said compensation insurance unless he came within the class of civilian employees working at the Base Exchange and that presents the crucial issue in this lawsuit.

A.F.R. Regulation 176–5 includes an entry as follows:

"3. DEFINITION

"(c) Civilian Employee. A civilian employed by an installation or activity of the Army or of the Air Force and who is paid either from appropriated or nonappropriated funds."

■ It is obvious that the Airman Calandre, then in active service, was one of the military personnel, and he could not at the same time be deemed a civilian. This point is mentioned in the case of Powell v. United States, D.C., 60 F.Supp. 433, 439.

Further light on the subject is found in A.F.R. 147–14, which deals rather fully with the subject of Base Exchange employees, and the part having the most direct bearing here reads as follows:

"(5). *Enlisted personnel* may also be employed during off duty hours and compensated from A&AFES nonappropriated funds at the prevailing hourly rates paid exchange *civilian employees* performing similar service."

The practical way that this particular policy of insurance was administered seems to be that no premium was calculated on the money earned and received by members of the military personnel doing part time work some times at the Base Exchange. On the other hand, premiums naturally were calculated on the earnings of the actual civilian employees doing work at the Base Exchange. In other words, it is plainly doubtful that the airman in question had any part of such coverage and really was quite imprudent in filing the compensation claim which was rejected by the insurance company. It could prove detrimental to the airman if he had collected the award. That could, in fact, jeopardize the much more important and valuable rights and benefits provided by the general law for servicemen, such as retirement pay, medical and hospital services, benefits payable to the widow, etc., at considerable length. This risk is pointed up in the case of Steelman v. United States, Ct.Cl., 318 F.2d 733.

■ The ruling of the Court is that the airman was not a civilian employee in the work he was doing at the Base Exchange when he sustained the injuries in question and, accordingly, judgment will be rendered setting aside the award of the Commissioner and enjoining any payment or collection thereof.